Adrienne Brown, Appellant *v.* Quaker Valley School District and Kenneth Johns, Appellees.

Argued November 15, 1984, before Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Richard J. Schubert*, with him, *Irving M. Portnoy, Litman, Litman, Harris, Portnoy and Brown, P.A.,* for appellant.

*John C. Conti, Weis & Weis,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., December 27, 1984:

Adrienne Brown appeals from an order of the Court of Common Pleas of Allegheny County which granted summary judgment to the defendants and dismissed her personal injury action. We affirm.

On the morning of March 9, 1981, Brown, a senior at Quaker Valley High School, attended her regularly scheduled physical education class. The class was supervised by the physical education teacher, Kenneth Johns. During the course of attempting a "straddle jump" using a spring board and vaulting horse, Brown seriously injured her right knee. Thereafter, Brown filed a personal injury suit against Quaker Valley School District (District) and Johns, seeking to recover damages for the injuries she suffered to her right knee. Brown alleged that the Dis-

trict and Johns were negligent in failing to adequately instruct and supervise gymnastic students as to the safe and proper method of using inherently dangerous equipment, and failing to adequately warn her of the dangers posed by the use of such equipment. The District and Johns raised the affirmative defense of governmental and official immunity and moved for summary judgment. On October 20, 1983, the common pleas court granted the defendants' motion for summary judgment and dismissed Brown's complaint. Brown appeals that dismissal.

On appeal, Brown raises three assignments of error. First, she contends that governmental immunity is not available to the District as her injuries were caused by the District's care, custody and control of real property, which is an exception to governmental immunity. Next, she argues that the conduct of Johns takes him outside the official immunity offered by statute. Finally, Brown raises a constitutional challenge under both the Pennsylvania and Federal Constitutions to the grant of governmental and official immunity in tort actions. We will deal with these issues in that order.

Brown first contends that the District's liability is based on its care, custody and control of real property. Section 8542(b)(3) of the Judicial Code, 42 Pa. C. S. §8542(b)(3), imposes liability upon local agencies, such as school districts, for injuries resulting from the agency's care, custody or control of real property. While Brown was injured within the school grounds, there is no allegation that the condition of the building or grounds caused her injuries. Rather, it is admitted that it was Brown's use of the spring board and vaulting horse which resulted in her injuries. The spring board and vaulting horse are items of movable equipment, not fixtures, as they are

not permanently placed at the school nor essential for its operation. *See McClure v. Atlantic Rock Co.,* 339 Pa. 296, 14 A.2d 124 (1940). Accordingly, that equipment is not considered a part of real property. Therefore, the care, custody or control of real property exception to governmental immunity does not apply. The common pleas court correctly dismissed Brown's complaint as to the District.

Brown also contends that Johns' conduct was such as to take him outside of the scope of Section 8545 of the Judicial Code, 42 Pa. C. S. §8545, and thus rendered him liable for his alleged negligent acts. Section 8545 grants to employees of local agencies, the same immunity enjoyed by the agency for injuries resulting from acts of the employee which are within the scope of the employee's office or duties. At the time of the incident which resulted in Brown's injuries, Johns was teaching a physical education class. That activity was well within the scope of his official duties as a physical education teacher with the District. The activity of the class, gymnastics, is an activity normally associated with an indoor physical education program. We hold that Johns was acting within the scope of his official duties at the time of the incident and entitled to official immunity under 42 Pa. C. S. §8545.

Regarding Brown's challenges to governmental and official immunity embodied in the Judicial Code, she asserts that those immunities offend the Fourteenth Amendment to the Federal Constitution as well as Article I, Section 11, and Article III, Section 18 of the Pennsylvania Constitution. Brown argues that such immunities deny her access to the courts in violation of Article I, Section 11, and unconstitutionally limits damages in violation of Article III, Section 18, of the Pennsylvania Constitution. Our Supreme Court

has already upheld the constitutionality of governmental tort immunity. *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981). In a prior decision, the Supreme Court held that our constitution is expressly neutral on the issue of sovereign immunity— it neither requires nor prohibits it. *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 400, 388 A.2d 709, 716 (1978). Brown's federal constitutional claim must likewise fail in light of the long history of recognition of the doctrine of sovereign immunity by the federal courts. *See Feres v. United States*, 340 U.S. 135 (1950); *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227 (3d Cir. 1976), *cert. denied* 429 U.S. 857 (1976). As we have determined that the statutory provisions granting governmental immunity to the District and official immunity to Johns are constitutional and act as a bar to Brown's action, we need not address her challenge to the constitutionality of Section 8553 of the Judicial Code, 42 Pa. C. S. §8553, which limits the amount of damages which may be recovered against a governmental agency or official.

Having found that the District and Johns are properly entitled to immunity under the provisions of the Judicial Code, and that those provisions are constitutional, we affirm the common pleas court's order which granted summary judgment to the defendants and dismissed Brown's complaint.

ORDER

AND Now, the 27th day of December, 1984, the order of the Court of Common Pleas of Allegheny County at Docket No. GD 83-1796, dated October 20, 1983, which granted the defendants' motion for summary judgment and dismissed the complaint of Adrienne Brown, is hereby affirmed.