## Gore v. Bethlehem Area School District

*David S. Smith,* for plaintiff.
*Frank G. Procyk,* for defendant.

WILLIAMS, *P.J.,* August 27, 1986—Presently before the court is defendant Bethlehem Area School District's motion for summary judgment. Counsel have submitted briefs and, after careful review of the record compiled in this matter, we find the following to be relevant.

On October 30, 1984, at approximately 4:00 p.m., James Smith, a minor, was engaged in recreational activities in and around the gymnasium area, and rooms located nearby, on the premises of Marvine Elementary School in Bethlehem, Pa. During this recreational period, James Smith proceeded to hang on a chinup bar located in a doorway that led to a room next to the gymnasium area. As he attempted to hang on the chinup bar located in the arch of the doorway, the bar became dislodged from its position and fell, striking James in the face and mouth causing serious injuries.

Plaintiff, Ruth Gore, brought this action as parent and natural guardian of James Smith, a minor, and in her own right, to recover compensatory damages as a result of the injuries sustained by James Smith on October 30, 1984. In her complaint, plaintiff alleges that defendant, Bethlehem Area School District, had the responsibility for the care, custody or control of real property owned and/or possessed, and/or used by it, including the aforesaid elementary school.

In response to the complaint, defendant filed an answer and new matter, alleging that it is entitled to immunity from civil tort liability pursuant to the Governmental Immunity Act, 42 Pa.C.S. §8541 et seq. Defendant contends that the chinup bar utilized by the minor, James Smith, at the time of his accident is a chattel item, and is considered moveable equipment or property, not a fixture or real property permanently placed on the premises of the elementary school. Defendant has moved for summary judgment on the basis that the allegations in plaintiff's complaint fail to bring it within the exceptions to local governmental immunity.

In considering defendant's motion for summary judgment, we are guided by the following principles. Under Pa. R.C.P. 1035(b), a motion for summary judgment shall be granted by the court where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Thorsen v. Iron and Glass Bank, 328 Pa. Super. 135, 140, 476 A.2d 928, 930 (1984); Bollinger v. Palmerton Area Community Endeavor Inc., 241 Pa. Super. 341, 351, 361 A.2d 676, 681 (1976). Such judgment is to be entered only in clear cases, when there is no doubt as to the absence of a triable issue of fact, Williams v. Pilgrim Life Ins. Co., 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982); Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981), and all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. Thorsen v. Iron and Glass Bank, supra, 328 Pa. Super. at 141, 476 A.2d at 930-931 (1984); Williams v. Dobransky, 304 Pa. Super. 483, 450 A.2d 1015 (1982). Such a determination precludes, by its very

nature, a full trial on the merits and so should be exercised sparingly.

The motion presently before the court requires us to determine whether James Smith's injuries occurred as a result of one of the eight statutory exceptions to governmental immunity enumerated in 42 Pa.C.S. §8542(b), namely §8542(b)(3).

That section provides for the imposition of liability on a local agency for:

"Real property. — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of stream, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks."

In this case, §8542(b)(3) will apply only if the chinup bar is considered real property within the meaning of that section. The Judicial Code does not define the terms "property," "real property" or "personal property." The Statutory Construction Act of 1972, §3 as amended, 1 Pa.C.S. §1991, defines "property" as "includ[ing] both real and personal property," but fails to further define either real or personal property. Absent such statutory definitions, we turn to the traditional concepts governing the affixation of tangible personal property to land, namely the law pertaining to fixtures.

A fixture is an article in the nature of personal property which has been so annexed to the realty

that it is regarded as a part of the land. See Black's Law Dictionary, Fifth Edition (1979). The court in Garman v. Conemaugh Township School District, 29 D. & C. 3d 478 (1984), set forth the following principles of fixture law which we have considered in reviewing this case.

(1) "A fixture is an article of personal property which, because of its physical annexation to the soil or appurtenance, thereto, or because of its essential use in a specific business, has become part of the real estate, in legal contemplation." Pennsylvania Law Encyclopedia, Fixtures §1. "Fixtures are articles which were personalty but which by being annexed to realty are regarded as a part thereof." Corpus Juris Secundum, Fixtures §1, page 587. "The term 'fixture' is applied to articles of the nature of personal property which have been affixed to land and which retain their separate identity." Id. page 588.

(2) Whether or not equipment, furnishings, and other similar property are to be regarded as separate personal property or as part and parcel of the real estate . . . depends upon whether or not under all the circumstances such property can properly be said to have been incorporated into the freehold by the one installing it or placing it upon the premises." Summary of Pennsylvania Jurisprudence, Real Property II §264. "What constitutes a fixture depends upon the facts and circumstances of the particular case, including the relationship of the parties, and is determined by the united application of the requisites, annexation, adaptation, and intention." Corpus Juris Secundum, Fixtures §1, page 587.

(3) ". . . [W]hether articles are fixtures depends on the nature and character of the act by which they have been put in place, the policy of the law and the

intentions of the parties." Pennsylvania Law Encyclopedia, Fixtures §1, page 329. "In determining whether or not property should be regarded as incorporated into the freehold when it has been placed upon the land, consideration must be given to: (1) the intention of the one who placed the article on the land; (2) the character of the article as related to the use to which the land is devoted; and (3) the nature or mode of the annexation." Summary of Pennsylvania Jurisprudence, supra §264. Accord Corpus Juris Secundum, supra §1, page 591.

(4) The general rules of fixture incorporation are these:

"§265. Application where property cannot be severed from realty without structural damage — General Rule.

Where chattels are so physically annexed to the land that they cannot be removed without material injury to the land or to some structure thereon, they are necessarily deemed to be incorporated into the realty. Under these circumstances, the chattels become part of the land without regard to any other additional circumstance, the law applying the maxim that whatever is annexed to the soil becomes a part thereof."

"§267. Application where property is removable without structural damage — Nonindustrial buildings.

Whether or not articles such as gas or electric stoves, hot-water heaters, oil burners, or electric lighting fixtures which are placed in a nonindustrial building and are removable without damage to the building are to be regarded as part of the real estate depends upon the intent with which such articles were placed on the premises gathered in the light of all the surrounding circumstances.

If the person so placing such articles in the building intended them as permanent improvements to

the property, they become part of the real estate not-withstanding the fact that they are susceptible of being removed without substantial injury to the physical structure of the building. In this connection, prima facie an owner of the property is deemed to intend property placed there which is normally thought of as a permanent addition to the building, as a part thereof.

The record in this case discloses that the chinup bar had been in the same place, on the doorway to the storage room, just outside the confines of the gym, for at least seven or eight years. Exhibit D of the "Response to Request for Production of Documents Addressed to Defendant" describes the chinup bar as follows:

"The chin-up bar, which has been [sic] place for several years is of tubular metal construction approximately 1¼ inches in diameter with a rubber cup at each end. . . . The bar was placed at the 6 foot level, and from the markings on the door jamb it is obvious that has been in that position for some time. It is retained inside the door by means of an internal screw mechanism, whereby one portion of the bar is slightly smaller in diameter than the other, and the two sections are rotated which activates the internal screw devise [sic] moving the ends of the bar in or out as desired which provides the required pressure to maintain it in a horizontal position wedged between the jambs."

Despite the period of time that the chinup bar was left in place, we find that it was not physically annexed to the property so as to become a fixture.

Obviously, a chinup bar needs to be secured between two supporting structures in order for it to be useable, but such a means of affixation does not necessarily make it part and parcel of the real estate. A chinup bar remains a piece of moveable athletic

equipment, whether or not it is readied for use. It is similar to the spring board and vaulting horse described in Brown v. Quaker Valley School District, 86 Pa. Commw. 496, 486 A.2d 526 (1984), in that it is neither permanently placed at the school nor essential for its operation. It is also much like the volleyball net, poles and stanchion discussed in Zelenevich v. New Hope-Soleberry School District, 30 D. & C. 3d 252 (1984).

The chinup bar differs greatly, however, from the ski lift discussed in McKeehan v. Butler Township, 30 D. & C. 3d 105 (1983), where the court found that the lift had become a part of the operating ski slope and thus a part of the real property. It also differs from the woodshaper machine in Garman v. Conemaugh Township School District, supra, where the court decided that although the machine was easily removable without structural damage to the building, it was a permanent and essential part of the operating industrial shop and was therefore deemed to be a fixture. The chinup bar here was not a permanent nor essential part of the gymnasium area. As the court said in Joos v. Plum School District, 131 P.L.J. 147 (1983), cited in Garman v. Conemaugh Township School District, supra:

"This court is not convinced by plaintiff's argument in its brief that the table should have been permanently attached to the ground and that if it were so attached it would have become "realty" and, therefore, come within the exceptions to the sovereign immunity. Such an interpretation of the language of the act is contrary to the intent of the legislature to limit rather than expand liability."

This is equally applicable to the chinup bar at issue here. As was the table in Joos, the chinup bar is moveable property, and its characterization as such does not change by the fact that it was placed in the

doorway to the gym. It remains personal property and moveable athletic equipment, apart and distinct from the structural real property in the gymnasium area.

As a result, the chinup bar is not considered real property so as to come within the exception to governmental immunity under section 8542(b)(3). For this reason, defendant Bethlehem Area School District is entitled to summary judgment.

Wherefore, we enter the following

## ORDER OF COURT

And now, this August 27, 1986, defendant's motion for summary judgment is granted and judgment is entered in favor of Bethlehem Area School District.