515 A.2d 642

Robert F. McCloskey, Jr., a minor, by his parents and natural guardians, Robert F. McCloskey and Juliette McCloskey and Robert McCloskey and Juliette McCloskey, in their own right, Appellants v. Abington School District and Sportmaster and UCS, Inc., c/o United Canvas and Sling, Appellees.

Argued June 11, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, BARRY and COLINS.

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* with him, *James R. Melinson, James R. Melinson, P.C.,* for appellants.

*Joseph W. McGuire,* with him, *Catherine N. Jasons, Krusen, Evans and Byrne,* for appellee, Abington School District.

*Harry A. Short, Jr.,* with him, *Henry M. Clinton, Liebert, Short, Fitzpatrick & Hirshland,* for appellee, Sportmaster.

OPINION BY JUDGE BARRY, September 29 1986:

The appellants, Robert F. McCloskey, Jr., a minor, by his parents and natural guardians, Robert F. McCloskey and Juliette McCloskey and Robert McCloskey and Juliette McCloskey, in their own right, appeal

from an order of the Court of Common Pleas of Montgomery County which granted summary judgment in favor of Abington School District. We reverse and remand.

On March 16, 1982, Robert McCloskey, Jr., then a tenth grade student aged 16 and one-half, was rendered a quadriplegic when he fell from a set of gymnastic rings during a regularly scheduled gym class at Abington High School-North Campus. The District filed an answer and new matter to the appellants' amended complaint raising as a bar the defense of governmental immunity under Section 201 of the Political Subdivision Tort Claims Act (Act).[1] The Act provides in part that: "No local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

The McCloskeys contend essentially that the facts averred in their complaint are within the real property exception to governmental immunity, Section 8542(b)(3) of the Judicial Code,[2] which provides in pertinent part:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency. . . .

Appellants also contend that the act violates Article I, Section 26 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitu-

---

[1] Act of November 26, 1978, P.L. 1399, *as amended,* formerly 53 P.S. §5311.101, repealed by Act of October 5, 1980, P.L. 693. A similar provision is now found at 42 Pa. C. S. §8541.

[2] 42 Pa. C. S. §8542(b)(3).

tion. Appellants' complaint in trespass and their amended complaint allege that the school district was negligent because of, *inter alia,* (a) Failing to properly supervise the gym class; (b) Permitting the minor plaintiff to use equipment he was not trained in; (c) Failing to exercise proper care, custody and control over the gymnasium; (d) Providing a gymnasium which was not suitable for use by the type of students it was intended for (untrained students such as minor plaintiff).

Immunity will be denied a local agency only when there is negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used. *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

As the trial court points out, immunity will lie where injury occurs due to faulty supervision or inadequate instruction. *Mooney v. North Penn School District,* 90 Pa. Commonwealth Ct. 7, 493 A.2d 795 (1985); *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981).

In this case, however, other questions are raised besides the inadequate supervision of the students at the school. Appellants squarely raise the real property exception and base their claim upon two theories: (1) failure to maintain control of the gymnasium and (2) misuse of the rings upon which the minor plaintiff was exercising which the appellants contend constituted a fixture and which were, therefore, real property. Appellants cite to the Court an article by George B. Clothier entitled *The Law of Fixtures in Pennsylvania,* 32 Pa. B.Q. 66 (1960-61), as follows:

> The factors which determine whether or not a chattel becomes a 'fixture' when annexed to the land include (a) the manner in which it is physi-

cally attached or installed, (b) the extent to which it is essential to the permanent use of the building or other improvement, and (c) the intention of the parties who attached or installed it. As to intent, it is not so much what a particular party intended his legal rights to be, as it is what intended use of the property was manifested by the conduct of the parties.

The decisional law on what does or does not become a fixture divides real estate generally into two classes—dwellings and industrial establishments. As to both, the intended use of the chattel is the dominant factor.

Joseph Toth, an expert called by the appellants, testified the rings were attached to ceiling clamps. On the top of a swivel the rings can turn around and there is a double bolt attached to a clamp. The rings can be taken off if the bolts are removed although the straps can be taken from the cable parts without the bolts being disassembled.[3] The rings can be removed without doing any structural damage to the building, however.[4] The assembly was put together by the manufacturer.[5] If the rings were to be removed or relocated the district representative would be called to the school and do the job.[6] The rings are what is known as collegiate rings which were set at 8 foot 3 inches off the ground which is marked for the collegiate height.[7] Plaintiff, Robert F. McCloskey, Jr., testified he had to jump to get the rings although he admitted it was a short jump.[8] In addition to his contention that the rings were set at the wrong

[3] Toth Deposition, p. 84.
[4] Toth Deposition, p. 85.
[5] Toth Deposition, p. 86.
[6] Toth Deposition, p. 87.
[7] Deposition of S. Pancotte, p. 36.
[8] Deposition of Robert F. McCloskey, Jr., p. 75.

height required for student use Mr. Toth, in his report to appellants' counsel,[9] made the following allegations of negligent failure to utilize appropriate care and control of the gymnasium:

a. Made available a sophisticated gymnasium to students in a novice physical education class, thereby exposing them to substantial risk of injury.

b. Failure to modify the gymnasium to render it safe for use by novice students such as Mr. McCloskey.

c. Exposing novice students to a sophisticated, dangerous gymnasium without warning about the potential dangers.

In addition, appellants have contended that the use of mats was improper because the mats increased the danger of the rings by leading the students to believe that the mat would prevent substantial injuries.[10]

There may be some question whether the last argument is related to the care, custody and control of real property within the meaning of *Usher v. Upper Saint Clair School District,* 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985). In any event, however, it is the opinion of the Court that the question of the intent of the parties makes most decisions on whether fixtures are real estate a matter for a fact-finder rather than something that can be decided as a matter of law by the Court.

The Superior Court has recently reiterated the applicable principle of law relating to the entry of summary judgment outlined by it and by our Court in the case of *Johnson v. Baker,* 346 Pa. Superior Ct. 183, 499 A.2d 372 (1985). The moving party, as the cases in-

---

[9] Exhibit 2 to Toth Deposition.
[10] Deposition of P. Schott, student, p. 37.

dicate, bears the burden of demonstrating that summary judgment is justified and that the trial court is responsible and must determine whether a genuine issue of material fact exists after an examination of the record in a light most favorable to the non-moving party.

We believe our disposition of this case is consistent with the case of *Beardell v. Western Wayne School District,* 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985). Judge BLATT of our Court in that case held that the issue of whether second base on a baseball diamond was real estate or personal property was such a question that judgment on the pleadings could not be entered; facts were at issue and the law was not so clear that trial would be a fruitless exercise. We also point to the case of *Bersani v. School District of Philadelphia,* 310 Pa. Superior Ct. 1, 456 A.2d 151 (1982), where the Superior Court held that there was a question of fact which precluded summary judgment when a student was injured because of the alleged negligence of the school district in positioning home plate too close to the fence of a school yard. This action did not allow enough room for a softball catcher to position himself safely. The Superior Court indicated that the student was a public invitee under Section 332 of the Restatement (Second) of Torts and that there could be liability under Section 343 of the Restatement, which provides as follows:

> Dangerous Conditions Known to or Discoverable by Possessor
>
> A Possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land *if, but only if,* he (a) knows or by the exercise of reasonable care would discover the condition and *should realize that it involves an unreasonable risk of harm to such invitees,* and (b) *should expect that they will not discover*

*or realize the danger, or will fail to protect
themselves against it,* and

(c) fails to exercise reasonable care to protect
them against the danger. (Emphasis in original.)

We note also that the result in this case is consistent
with an opinion of President Judge CRUMLISH in *Singer
v. School District of Philadelphia,* 99 Pa. Common-
wealth Ct. 553, 513 A.2d 1108 (1986).

Appellants have also raised a claim that the act
violates both the federal and state constitutions.[11] We
believe that the contentions of the appellants in this
respect have been answered and decided against them
by the Pennsylvania Supreme Court in the case of
*Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394
(1981), and by our Court in *Knudsen v. Delaware Coun-
ty Regional Water Quality Control Authority,* 84 Pa.
Commonwealth Ct. 36, 478 A.2d 533 (1984).

Reversed and remanded.

ORDER

NOW, September 29, 1986, the order of the Court of
Common Pleas of Montgomery County, dated No-
vember 14, 1985, which granted summary judgment on
behalf of Abington School District is hereby reversed.
The case is remanded for further proceedings.

Jurisdiction relinquished.

---

[11] Article I, Section 26 of the Pennsylvania Constitution and
the Fourteenth Amendment to the United States Constitution.