537 A.2d 913

Ruth Gore, as Parent and Natural Guardian of James Smith, a minor, and Ruth Gore, Individually, Appellant *v.* Bethlehem Area School District, Appellee.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Edward J. McKarski,* with him, *David S. Smith, Law Offices of George A. Hahalis,* for appellant.

*Frank G. Procyk,* with him, *Matthew Sorrentino, Holland, Taylor and Sorrentino,* for appellee.

OPINION BY SENIOR JUDGE NARICK, February 11, 1988:

Appellant, Ruth Gore as parent and natural guardian of James Smith, a minor, and Ruth Gore, individually, appeals from an order of the Court of Common Pleas of Northampton County which granted summary judgment in favor of the Bethlehem Area School District (BASD) and dismissed Appellant's cause of action in trespass against BASD on the grounds of governmental immunity as provided in 42 Pa. C. S. §§8541-8542. For the reasons set forth below, we affirm.

The facts surrounding the civil action commenced by Appellant against BASD involves an attempt by Appellant to recover compensatory damages as a result of injuries and losses sustained by the minor Appellant, James Smith, on October 30, 1984 at the Marvine Elementary School, located in Bethlehem, Pennsylvania. On October 30, 1984, James Smith was engaged in recreational activities in the gymnasium area of the school, and, while attempting to hang on a chin-up bar

located in the arch of a doorway leading to a storage room, sustained seriously bodily injuries to the face and mouth when the chin-up bar became dislodged from its position and fell striking James Smith. This storage room was located outside the gymnasium area and was used to store athletic equipment.

On appeal, Appellant contends that the trial court erred in concluding that the placement of the chin-up bar did not fall within the exception to governmental immunity under 42 Pa. C. S. §8542(b)(3) because Appellant was denied an opportunity to establish that the intent on the part of BASD was for the chin-up bar to become a permanent fixture. BASD counters that the chin-up bar was a chattel item which was movable property and not a fixture or real property permanently placed on the school premises.

It is provided in Pa. R.C.P. No. 1035 that a trial court may grant a summary judgment only in those situations where "the pleadings, depositions, answers, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether to grant a summary judgment, a trial court must examine the record in the light most favorable to the non-moving party. *McCloskey v. Abington School District*, 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986).

Immunity will be denied a local agency such as a school district only when there is negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used. *Vann v. Board of Education, School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). Further, immunity will lie when

injury occurs due to faulty supervision and inadequate instruction. *McCloskey.* However, Appellant herein does not allege that the injuries sustained by the minor Appellant, James Smith, were the result of faulty supervision or inadequate instruction. Rather, Appellant argues that 42 Pa. C. S. §8542(b)(3) imposes liability on BASD because the chin-up bar was affixed to school property so as to become an integral part of the structural foundation of the school building. Section 8542(b)(3) relevantly provides as follows:

> (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . . .
>
> (3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

Thus, we must determine whether the chin-up bar can be considered a fixture that has become part and parcel of the realty and therefore could render BASD liable for negligence in the care, custody or control of real property which is in its possession.

The Pennsylvania Supreme Court has designated three classes which chattels connected with realty may fall into:

> First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty. (Citations omitted.) Second, those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to them-

selves; these are realty, . . . (Citations omitted.)
Third, those which, although physically connect-
ed with the real estate are so affixed as to be
removable without destroying or materially in-
juring the chattels themselves, or the property
to which they are annexed; these become part of
the realty or remain personalty depending upon
the intention of the parties at the time of annexa-
tion; in this class fall such chattels as boilers and
machinery affixed for the use of an owner or ten-
ant but readily removable. (Citations omitted.)
*Clayton v. Lienhard,* 312 Pa. 433, 436-37, 167 A. 321,
322 (1933). Therefore, a determination of whether or
not a chattel or article of property has become realty
involves factual considerations—how was the chattel
annexed to the property; and at the time of annexation
what was the intent of the parties. *Beardell v. Western
Wayne School District,* 91 Pa. Commonwealth Ct. 348,
354, 496 A.2d 1373, 1376 (1985).

A fixture is an article in the nature of personal prop-
erty which has been so annexed to the realty that it is
regarded as part and parcel of the land. Black's Law
Dictionary 574 (5th Ed. 1979). The considerations to be
made in determining whether or not a chattel becomes
a fixture include (1) the manner in which it is physically
attached or installed, (2) the extent to which it is essen-
tial to the permanent use of the building or other im-
provement, and (3) the intention of the parties who
attached or installed it, *McCloskey,* 101 Pa. Common-
wealth Ct. at 113-4, 515 A.2d at 644 citing Clothier,
*The Law of Fixtures in Pennsylvania,* 32 Pa. B.Q. 66,
66-67 (1960-61).[1]

In the case at hand, the undisputed evidence of rec-
ord establishes that (1) the chin-up bar was located in a

---

[1] We note that it is our opinion that the issue of intent does
not arise in the instant matter.

doorway to a storage room (the storage room was not part of the gymnasium area) for a period of six or seven years and (2) the chin-up bar operated much like a curtain rod; at each end of the bar was a rubber suction cup which would allow the end of the chin-up bar to adhere to the wall or inside portion of the doorway; an internal screw mechanism operated so as to lengthen or shorten the bar as required; the chin-up bar was easily removable and would not cause material damage upon removal. Additionally, it is clear that the chin-up bar was not essential to the permanent use of the building.

We believe the case herein is similar to the situation which existed in *Brown v. Quaker Valley School District*, 86 Pa. Commonwealth Ct. 496, 486 A.2d 526 (1984). In *Brown*, a student suffered injuries to her right knee while attempting to perform a "straddle jump" utilizing a springboard and vaulting horse. This Court affirmed the trial court's grant of summary judgment opining that "[t]he springboard and vaulting horse are items of moveable equipment, not fixtures, as they are not permanently placed at the school nor essential for its operation. (Citation omitted.) Accordingly, that equipment is not considered a part of real property. Therefore, the care, custody or control of real property exception to governmental immunity does not apply". *Id*. at 498-99, 486 A.2d at 528. Thus, as in *Brown*, the nature of the chattel herein, the chin-up bar, is obviously an item of moveable equipment, not permanently placed at the school nor essential for its operation.

Lastly, we should also mention the recently filed opinion of *Canon-McMillan School District v. Teddy S. Bioni*, 110 Pa. Commonwealth Ct. 584, 533 A.2d 179 (1987). In *Canon-McMillan*, a student sustained an eye injury while performing an in-class project which required the use of a wood lathe when a laminated wooden bowl which the student was sanding on the lathe

broke apart. The record in *Canon-McMillan* revealed that the lathe weighed approximately eight hundred pounds; was hardwired to the wall at the time of the accident; and had on occasion been moved to a different room or to other portions of the room. The Court concluded that the lathe was not a part of the realty. In the case at hand, the chin-up bar was light weight,[2] easily removable without damage to the realty to which it was annexed nor was it essential for the continued use or operation of the realty to which it was annexed—the doorway of the storage room. Accordingly, for the reasons set forth herein, we find that the nature of the chin-up bar renders it personalty and not a fixture.

## ORDER

AND NOW, this 11th day of February, 1988, the order of the Court of Common Pleas of Northampton County granting summary judgment in favor of the Bethlehem Area School District is hereby affirmed.

---

[2] *See Doris A. Stahl, Administratrix of the Estate of Michael J. Wilson, Deceased v. Cocalico School District,* 112 Pa. Commonwealth Ct. 50, 56, 530 A.2d 948, 951 (1987) (Application for reargument granted October 28, 1987) where this Court noted that a heavy trash dumpster which had remained in the same location for an indefinite period of time could be classified as real property for exception purposes.

---

## CONCURRING OPINION BY JUDGE PALLADINO:

I concur in the result only because I believe the majority has unnecessarily complicated the resolution of the issue before us.

Appellant contends that whether the chin-up bar, which is alleged to have been the cause of James Smith's injuries, is a fixture (and therefore real property which brings their cause of action within the real estate exception to governmental immunity, 42 Pa. C. S. §8542

(b)(3)) turns on the determination of the intent of the Bethlehem Area School District in placing the chin-up bar in the school. They argue that because the question of intent is one of fact, which was in dispute, the trial court abused its discretion in granting summary judgment.

Appellant is correct in her assertion that the question of intent is one of fact which, if present, precludes summary judgment. *McClosky v. Abington School District*, 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986). However, the issue of intent does not arise in all instances where a chattel is used in connection with real property.

In *Canon-McMillan School District v. Bioni*, 110 Pa. Commonwealth Ct. 584, 592, 533 A.2d 179, 182 (1987),[1] this court noted that three categories of chattels used in connection with real estate exist: (1) those which remain personalty because they do not improve and are not peculiarly suited to the property with which they are used: (2) those which are realty, *i.e.* fixtures, because they are so annexed to the property that removal would result in permanent damage to either the chattel or the realty; and (3) those which are annexed in some nonpermanent manner to the realty with the intent of making them a permanent part of the realty. Only chattels which fall within categories two and three will be considered fixtures which bring a cause of action within the real estate exception to governmental immunity, 42 Pa. C. S. §8542(b)(3). *See Maloney v. City of Philadelphia*, 111 Pa. Commonwealth Ct. 634, 535 A.2d

---

[1] The majority states that in *Canon-McMillan* this court "concluded that the lathe was not a part of the realty." Majority op. at 7. This is incorrect. This court determined that a category three chattel was involved but that a new trial was necessary because the finding that the school district intended the chattel to be a part of the realty was against the weight of the evidence.

209 (1987). The question of intent arises only if the chattel involved falls within category three. The determination of which category a chattel falls in must first be made and that determination is a question of law.

It is not disputed that the chin-up bar involved in this case was *not* permanently affixed to the realty. The bar was situated in a doorway between the gymnasium and a storeroom. While it had not been moved for a period of time, its placement was not permanent. The bar could be moved at anytime and used in any doorway anywhere. This chin-up bar, like the springboard and vaulting horse in *Brown v. Quaker Valley School District*, 86 Pa. Commonwealth Ct. 496, 486 A.2d 526 (1984), is an item "of movable equipment" and not a fixture because it is "not permanently placed at the school nor essential for its operation. . . . Accordingly, that equipment is not considered a part of real property. Therefore, the care, custody or control of real property exception to governmental immunity does not apply." *Id.* at 488-89, 486 A.2d at 528.