SCHAEFFER, P.J.,
This matter is plaintiffs’ appeal from this court’s order granting both defendants’ motions for summary judgment. We begin this opinion with a discussion of the factual background behind the parties’ dispute.
On July 28, 1989, plaintiffs, Earl Kochel Jr. and Janice L. Kochel, commenced this action by filing a complaint against defendants Berks County and the Borough of Birdsboro. In their complaint, plaintiffs allege that Earl Kochel Jr. sustained physical injuries when he was present in the district justice courtroom to attend a hearing, and the folding metal chair in which he was sitting collapsed, causing him to fall to the floor.[1]
*371 On November 2, 1989, Borough of Birdsboro filed an answer containing new matter in which it raised the issue of governmental immunity and brought a cross-claim against Berks County. Berks County filed its reply to Borough of Birdsboro’s new matter on December 11, 1989, and plaintiffs filed their response on January 10, 1990. On September 8, 1989, Berks County filed an answer and new matter in which it also raised the issue of governmental immunity and brought a cross-claim against the other defendant, the Borough of Birdsboro. On November 21, 1989, Borough of Birdsboro filed a reply to Berks County’s new matter, and on October 17, 1989, plaintiffs filed their responsive pleading.
On August 10, 1990, the Borough of Birdsboro filed a motion for summary judgment, which plaintiffs answered on September 24, 1990. On September 27, 1990, Berks County filed its motion for summary judgment. Both defendants’ motions were based on the argument that plaintiffs’ action was barred by the defense of governmental immunity, as set forth in the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.
All three parties filed briefs in this matter. On October 1, 1990, the court heard oral arguments on the motions for summary judgment. On October 4, 1990, this court entered an order which granted both motions. Plaintiffs now appeal from the October 4, 1990 order.
ISSUE
Did the court err in granting both defendants’ motions for summary judgment on the basis that the doctrine of governmental immunity, as set forth in 42 Pa.C.S. §8541 et seq., bars the plaintiffs’ action?
*372 DISCUSSION
Plaintiffs argue that this court erred in granting defendants’ motions for summary judgment. We disagree.
Title 42 Pa.C.S. §8541 states the applicable rule of law on the governmental immunity defense, as follows:
“§8541. Governmental immunity generally
“Except as otherwise provided in this sub-chapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or gny other person.”
The exceptions to the governmental immunity defense are then found in 42 Pa.C.S. §8542, which provides, as follows:
“§8542. Exceptions to governmental immunity
“(a) Liability imposed — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of the acts set forth in subsection (b):
“(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
“(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts’ shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.”
*373 The acts which may impose liability on a local agency are found in subsection (b) of section 8542. We turn now to those acts which may possibly apply to the plaintiffs’ action and would therefore permit liability to be imposed on either defendant.
The first exception to the governmental immunity defense which arguably applies to the case at bar is in the care, custody or control of personal property found under 42 Pa.C.S. §8542(b)(2). This provision states, as follows:
“(b) Acts which may impose liability — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
“(2) Care, custody or control of personal property — The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.”
We find that the “care, custody or control of personal property” exception to the governmental immunity defense does not apply to the case at bar. In this action, there is no personal property of plaintiffs alleged to be in the care, custody or control of either defendant. Furthermore, plaintiffs allege personal injury damages, not property losses, and property losses are the only damages recoverable under this section. The personal property exception to governmental immunity under 42 Pa.C.S. §8542(b)(2), therefore, will not serve to permit plaintiffs to bring this action.
Plaintiffs argue that the real property exception to the governmental immunity defense set forth in 42 Pa.C.S. §8542(b)(3) is applicable to the case at bar. The basis of this argument is that Earl Kochel Jr. *374 sustained his injury while using the real property in the manner for which it was intended, that is, as a courtroom, and that it was foreseeable that he could be injured by falling off a chair.[2] We do not agree that the real property exception under 42 Pa.C.S. §8542(b)(3) applies to this case. 42 Pa.C.S. §8542(b)(3) states:
“(b) Acts which may impose liability — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
“(3) Real property — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, ‘real property’ shall not include:
“(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
“(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
“(iii) streets; or “(iv) sidewalks.”
We first note that the real property exception to the governmental immunity defense is to be narrowly construed. Merritt v. Board of Educ., School District of Philadelphia, 99 Pa. Commw. 178, 513 A.2d 504 (1986), appeal denied 531 A.2d 781; Houston v. Central Bucks School Authority, 119 Pa. Commw. 48, 546 A.2d 1286 (1988). The statute by its own terms applies to the “care, custody or control of real property in the possession of the local *375 agency.” In the case at bar, the instrumentality which allegedly caused the plaintiff’s injury was not real property, but a metal folding chair, which was a movable piece of personal property.
The conclusion that movable pieces of personal property are not included in the definition of “real property” under 42 Pa.C.S. §8542(b)(3) is evident in the decision of Brown v. Quaker Valley School District, 86 Pa. Commw. 496, 486 A.2d 526 (1984). In Brown, a high school student could not bring an action against the school district and physical education instructor for injuries she sustained in gym class while using the springboard and vaulting horse. The court held that the term “real property” under 42 Pa.C.S. §8542(b)(3) did not include the springboard and vaulting horse, which were not permanently placed at the school, and therefore not fixtures, nor essential for its operations. See also Gore v. Bethlehem Area School District, 113 Pa. Commw. 394, 537 A.2d 913 (1988).
In short, as the exceptions to governmental immunity do not apply, plaintiffs’ action is barred by this defense. This court then properly entered summary judgment pursuant to Pa.R.C.P. 1035(a), which states:
“(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.”
CONCLUSION
The decision of this court to grant both defendants’ motions for summary judgment was proper and should, therefore, be affirmed.

. Plaintiffs complaint, July 28, 1989, at paragraphs 8, 10, 17-24.

. Plaintiff’s brief of argument, September 2, 1990, at 4.