**James W. DAVIS, Appellant,**

v.

**William BRENNAN, Susquehanna County Correctional Facility and Susquehanna County.**

Commonwealth Court of Pennsylvania.

Argued April 10, 1997.
Decided Aug. 6, 1997.

Kevin Fitzgerald, Clarks Summit, for appellant.

Michael J. Donohue, Scranton, for appellees.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

DOYLE, Judge.

James W. Davis appeals from an order of the Court of Common Pleas of Susquehanna County which granted the motion for summary judgment filed by Susquehanna County on the basis that the County was immune from liability pursuant to Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, commonly known as the Political Subdivision Tort Claims Act (Act).

On March 4, 1994, while incarcerated at the Susquehanna County Correctional Facility, Davis, while taking a shower, allegedly slipped and fell when the "grab bar" in the shower stall broke free from the shower unit, causing Davis to strike his head. Thereafter, on September 6, 1994, Davis filed a complaint against the County for the injuries he sustained as a result of the March 4, 1994 incident.

■ On June 14, 1996, the County filed a motion for summary judgment, and oral argument on the motion was held before the

Court of Common Pleas on July 30, 1996. By order dated July 31, 1996, the Court of Common Pleas granted the County's motion on the basis of governmental immunity under Section 8541 of the Act, 42 Pa.C.S. § 8541. This appeal ensued.[1]

The County's principal argument on appeal is that we should affirm the trial court's grant of summary judgment because "the instant record establishes that the shower stall in question was a free standing piece of personal property." (County's Brief at 8.)

■ Section 8541 of the Act provides that: Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. § 8541. Limited exceptions to this immunity are enumerated in Section 8542 of the Act, which provides in relevant part:

**(b) Acts which may impose liability.—** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.* The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

42 Pa.C.S. § 8542(b)(3). This "real property exception" to governmental immunity includes articles of personal property or chattels which have been affixed to real property so as to become realty itself-namely, fixtures. *See Kelly v. Curwensville Area High School,* 141 Pa.Cmwlth. 449, 595 A.2d 787 (1991).

■ The term "fixture" is defined in Black's Law Dictionary as "[a]n article in the nature of personal property which has been so annexed to the realty that it is regarded as a part of the real property."[2] Black's

1. Our standard of review on appeal from the granting or denial of summary judgment is limited to determining whether the trial court committed an error of law or abuse of discretion.

*Wolfe v. Stroudsburg Area School District,* 688 A.2d 1245 (Pa.Cmwlth.1997).

2. In *Lehmann v. Keller,* 454 Pa. Superior Ct. 42, 684 A.2d 618 (1996), the Superior Court of Penn-

Law Dictionary at 638 (6th ed. 1990). Whether or not a chattel or article of personal property has become a fixture or realty necessarily involves factual considerations, *i.e.*, the manner in which the chattel was physically attached or installed, the extent to which the chattel is essential to the permanent use of the building or other improvement, and the intent of the parties who attached or installed the chattel.[3] *Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 643 A.2d 81 (1994). Furthermore, "[a] thing is deemed to be affixed to real property when it is attached to it by its roots, imbedded in it, permanently resting upon it, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws." Black's Law Dictionary at 638.

 As noted above, this case is before us on appeal from a trial court's grant of summary judgment, and the Pennsylvania Rules of Civil Procedure relating to summary judgment, as amended in 1996, provide:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury.

Pa. R.C.P. No. 1035.2.[4] Our Supreme Court has stated that: "Summary judgment is granted only in the clearest of cases, where the right is clear and free from doubt." *Cooper v. Delaware Valley Medical Center*, 539 Pa. 620, 632, 654 A.2d 547, 553 (1995). The burden is on the party moving for summary judgment to prove that no genuine issue of material fact exists, *Ack v. Carroll Township Authority*, 661 A.2d 514 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 543 Pa. 731, 673 A.2d 336 (1996), and we must review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 674 A.2d 1038, *cert. denied*, —— U.S. ——, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996).

 With these principles in mind, and after a careful review of the record in this case, we conclude that a genuine issue of material fact exists regarding the nature of the shower stall in question and whether the real property exception to governmental immunity is therefore applicable in this case.

sylvania articulated the nature of personal property or chattels used in connection with real estate:

> Chattels used in connection with real estate can fall into one of three categories.... First, chattels that are not physically attached to realty are always personalty.... Second, chattels which are annexed to realty in such a manner that they cannot be removed without materially damaging either the realty or the chattels are always fixtures.... The third category consists of those chattels that are physically connected to the real estate but can be removed without material injury to either the land or the chattels.... When a chattel falls into the third category, its status as a fixture or as personalty depends upon the 'objective intent of the [owner] to permanently incorporate [the] chattel into real property....'

*Id.* at 49, 684 A.2d at 621 (citations omitted) (citing *Clayton v. Lienhard*, 312 Pa. 433, 167 A. 321 (1933)). The shower stall at issue in this case falls within this third classification of chattels.

**3.** With respect to this factor for determining whether an article of personal property has become a fixture, our Supreme Court has stated:

> We believe that the objective intention of the parties is the type of intent that should be considered in determining whether an object has become a fixture.... The actual state of mind of the parties at the time of the object's installation is of little consequence.... Instead, we look to the objective intent of the parties to permanently incorporate a chattel into real property as evidenced by the proven facts and surrounding circumstances entered into evidence.

*Noll*, 537 Pa. at 287–88, 643 A.2d at 88 (citations omitted).

**4.** Rule 1035.2, replaced former Rule 1035(b), which was rescinded on February 14, 1996, and became effective as of July 1, 1996.

Contrary to the Appellee's assertion, the record is devoid of any indication that the shower stall was, in fact, portable or possessed any other characteristic of personal property. The only indication which would shed any light on the nature of the shower structure is a photocopied photograph, marked as Exhibit "A," which the County attached to its motion for summary judgment.

The County asserts that "[the shower stall's] only connection to the real property was that plumbing pipes containing hot and cold water were clamped to the stall in order to introduce the water to the stall," and that "this was illustrated by [the] photograph attached to the motion." (County's Brief at 8.) However, the photograph does not indicate that this was the shower's "only connection" to real property, and it is not evident from the photograph whether the shower stall is screwed, plastered, cemented, or otherwise affixed to the floor or wall of the prison, or whether it is truly "freestanding" as the County contends. What **can** be gleaned from the photocopied photograph is that the shower structure is somehow situated virtually flush against the wall and floor in the prison basement and has attached thereto water pipes and a drain, both of which appear to be of a permanent nature.

Additionally, the trial court in this case never expressly addressed the issue of whether those characteristics of the shower, *i.e.,* the hot water pipes, the drain, and the manner the stall was affixed to the wall and floor of the prison, made the shower stall a fixture of the prison pursuant to the criteria set forth above. The court merely stated in its order that "the shower stall was not affixed to the defendants' realty in such a manner so as to be a permanent fixture." However, given the absence of evidence of record and the County's burden of proof in this regard, we hold that the trial court erred in so concluding.

The trial court also stated in its July 31, 1996 order that "the factual allegations of [Davis'] complaint do not give rise to an exception to governmental immunity." (Trial Court's Order, 7/31/96, at 1.) Davis complaint alleges, *inter alia:*

7. At the aforesaid date, time and place, [Davis] was caused to fall due to a dangerous and/or defective condition in the shower provided for Plaintiff's use at said facility.

8. The above-stated dangerous and/or defective condition consisted of a faulty shower grab bar which was a fixed part of the correctional facility.

9. The shower grab bar failed and was unsafe in an activity for which it was regularly used consisting of assistance in bathing in that, when [Davis] attempted to use said grab bar while showering said bar broke free from the shower unit causing [Davis] to fall striking his head.

. . . .

13. The injuries and damages to [Davis] were caused solely and exclusively by the negligence and/or carelessness and or recklessness of the [County], and each of them failing to maintain proper care, custody and control of the real property of the [County]. . . .

(Amended Complaint at 2–3; Reproduced Record at 3–4.) Clearly, these averments, including the legal conclusion, are sufficient, if proven to be true, to establish that the real property exception to governmental immunity applies under Section 8542(b)(1) of the Act, and thus the trial court erred in concluding otherwise.

The County directs our attention to the decision of this Court in *Gore v. Bethlehem Area School District,* 113 Pa.Cmwlth. 394, 537 A.2d 913, *petition for allowance of appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988), in which a student was injured while attempting to hang from a chin-up bar when the bar dislodged from its position in the doorway of the school's gymnasium. We ultimately affirmed the decision of the trial court in granting summary judgment in favor of the school district on the basis of governmental immunity as provided under the Act. The critical difference between the *Gore* case and the instant appeal, however, is that, in *Gore,*

the undisputed evidence of record estab-lishe[d] that (1) the chin-up bar was located in a doorway to a storage room (the

storage room was not part of the gymnasium area) for a period of six or seven years and (2) the chin-up bar operated much like a curtain rod; at each end of the bar was a rubber suction cup which would allow the end of the chin-up bar to adhere to the wall or inside portion of the doorway; ... the chin-up bar was easily removable and would not cause material damage upon removal. Additionally, it is clear that the chin-up bar was not essential to the permanent use of the building.

*Id.* 537 A.2d at 915 (emphasis added). In this case, however, the nature of the shower structure is not by any means established by "undisputed evidence of record" and remains a genuine issue of material fact that has yet to be determined.

On remand, the facts **may** reveal a shower stall bolted or screwed to the wall and cemented to the floor, with hot and cold water supply pipes which are part of the prison's water supply system, and with a waste-water drain that is leaded to the soil pipe. And, **if** all of these things happen to be the facts, we question how such a facility could remain personalty and not be considered so affixed to the prison real estate as to be real property itself.

Accordingly, the order of the court of common pleas granting summary judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

### ORDER

NOW, August 6, 1997, the order of the Court of Common Pleas ·of Susquehanna County in the above-captioned matter is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.