**Pursel v. McCartney**

C.P. of Lehigh County, no. 2003-C-3368.

*Anne K. Manley,* for plaintiffs.
*Joseph F. McNulty Jr.,* for defendant.

JOHNSON, *J.,* February 15, 2006—Before the court for consideration is the motion for summary judgment on behalf of defendant Robert Greacen filed on December 27, 2005. The court heard argument on this motion on February 2, 2006. For the reasons that follow, the defendant Robert Greacen's motion will be granted in part and denied in part.

## DISCUSSION

### 1. *Count III: Negligence*

In Count III of the plaintiffs' third amended complaint, the plaintiffs seek damages for Greacen's alleged negligence. Greacen argues that the claim fails as a matter of law because it is barred by the Political Subdivision Tort Claims Act (PSTCA). Under the PSTCA:

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing agency and subject to the limitations imposed by this subchapter." 42 Pa.C.S. §8545. This protection

extends to school teachers. *Brown v. Quaker Valley School District,* 86 Pa. Commw. 496, 499, 486 A.2d 526, 528 (1984). This protection applies unless "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. §8550. However, this exception is inapplicable where only negligence is alleged.

In order for the teacher or employee to qualify for this immunity, the acts of the employee must be within the "scope of his office or duties . . . ." 42 Pa.C.S. §8545. To determine what is within the scope of an employee's job duties, courts have looked to whether the employee was working as an employee at the time, what allegations are made in the complaint that the employee has stepped outside of the scope of employment, whether the type of activity engaged in was within their duties as an employee and whether the activity engaged in was within the normal activities engaged in by employees employed in the capacity that a defendant is employed in. See *Brown v. Quaker Valley School District, supra* at 499, 486 A.2d at 528 (normal activity); *Goralski v. Pizzimenti,* 115 Pa. Commw. 210, 219, 540 A.2d 595, 600 (1988) (duties of employee); *Weissman v. City of Philadelphia,* 99 Pa. Commw. 403, 407, 513 A.2d 571, 573 (1986) (employment at the time and allegations in the complaint).

In a case factually similar to the case at bar, the court found that a school employee who was disciplining a student in the course and scope of his employment was not liable for negligence in that disciplining due to the protections of immunity. *Neil v. Nepa,* 36 D.&C.3d 553

(Fayette Cty. 1985). *Neil* involved a student who received corporal punishment without his parents' permission, which was in violation of school district policy. *Neil,* 36 D.&C.3d at 553. The court found that there is no exception under the Sovereign Immunity Statute that allows for liability for the disciplining of children. *Id.* at 554. The court further found that this immunity covered the teacher to the extent that the teacher acted within his official capacity. *Id.* at 555. In both cases, the courts allowed the plaintiffs to pursue their intentional tort claims while dismissing the negligence claims on the basis of sovereign immunity.

Applying the factors that courts have used to determine if an employee's actions are within the scope of his or her employment to the current case, the court is satisfied that Greacen was acting within the course and scope of his employment at the time of this incident. First, he was an employee of Parkland High School at the time of the incident. Compl. ¶4; answer and new matter on behalf of def., Robert Greacen, to the compl. ¶4. Second, there are no allegations that defendant Greacen stepped outside of the scope of his employment at the time of the alleged incident. See compl. Finally, courts have found that disciplining students is within the ambit of activities employees of a school engage in within the scope of their employment. See *Neil, supra.*

Therefore, because Greacen was acting within the course and scope of his employment at the time of the alleged incident with Joshua Pursel, the PSTCA grants him immunity from the plaintiffs' negligence claim. Accordingly, the defendant Robert Greacen's motion is granted as to Count III, negligence, of the plaintiffs' com-

plaint and Count III, negligence, is hereby dismissed with prejudice.

### 2. *Count IV: Gross Negligence and Outrageous Conduct*

It appears to the court that Count IV of the plaintiffs' complaint really is a punitive damages claim. The court must determine in the first instance whether the plaintiffs have presented sufficient evidence to support a punitive damages claim, which requires evidence on which the jury might reasonably conclude that outrageous conduct has been established by a preponderance of the evidence. *Slappo v. J's Development Associates Inc.,* 791 A.2d 409, 417 (Pa. Super. 2002). (citation omitted) "A showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." *Phillips v. Cricket Lighters,* 584 Pa. 179, 883 A.2d 439, 445 (2005) (citing *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 494, 587 A.2d 702, 705 (1991)). Rather, "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy,* 582 Pa. 114, 124, 870 A.2d 766, 772 (2005).

In the present case, there is no evidence that Greacen had the intention to reinjure Joshua Pursel's knee. Plaintiffs have admitted that they do not know whether Greacen was ever told about Joshua Pursel's previous knee injury. (Dep. of David Pursel p. 42; dep. of Maria Pursel p. 40; dep. of Joshua Pursel p. 45.) Greacen denies ever being informed of this prior surgery and Miss

Minotti, the school official who normally would let teachers know about these type of issues, cannot state that Greacen was told. (Dep. of Robert Greacen p. 48; dep. of Michelle Minotti p. 37.) Finally, testimony from Joshua Pursel's classmates indicates that those who did not have any interaction with Joshua Pursel outside of homeroom did not know about Joshua Pursel's previous surgeries. (Dep. of Amy Ritter p. 21; dep. of Michael Rohs p. 13; dep. of Jessica Reinsmith p. 16; dep. of Matthew Puchyr p. 14; dep. of Zachary Raub p. 36; dep. of Stephanie Reinghard p. 26.) Thus, Greacen, as his homeroom students, could not tell by merely seeing Joshua Pursel in homeroom that Joshua had these previous surgeries.

Additionally, the court finds that there is nothing in the facts of this case to show outrageous conduct on the part of Greacen. He responded to a student, Joshua Pursel, by directing him to throw away his drink and then emphasizing the written classroom rule. Plaintiffs appear to be alleging that Joshua Pursel reinjured his leg when Greacen pulled him up from his desk. The court finds that this does not rise to the level of "outrageous conduct," as defined by Pennsylvania case law.

Plaintiffs have failed to present facts to establish that Greacen had a subjective appreciation of the risk to Joshua Pursel due to his previous injuries, and failed to present any evidence to support an argument that this was anything beyond mere negligence. Therefore, defendant Robert Greacen's motion is granted as to Count IV, gross negligence and outrageous conduct, of the plaintiffs' complaint. Count IV, gross negligence and outrageous conduct, of the plaintiffs' complaint is dismissed with prejudice.

### 3. *Count I: Assault*

An assault occurs where: (1) a person, without privilege, intends to cause harmful or offensive bodily contact or to put another in reasonable and immediate apprehension of harmful or offensive contact; and (2) the action of the person causes such an apprehension. *Cucinotti v. Ortmann,* 399 Pa. 26, 27, 159 A.2d 216, 217 (1960). A bodily contact is offensive if it offends a reasonable sense of personal dignity. Restatement (Second) of Torts §19. Greacen argues that plaintiffs' assault claim should be dismissed because there is no evidence that Joshua was in apprehension of harmful or offensive contact. The court is not convinced by this argument, however.

The court is satisfied that there is a genuine issue of material fact as to whether Greacen intended to cause harmful or offensive bodily contact or to put Joshua Pursel in reasonable and immediate apprehension of harmful or offensive contact, and whether Joshua Pursel consented to this bodily contact.

The court is also satisfied that there is a genuine issue of material fact as to whether Greacen's conduct caused the requisite apprehension. While Greacen argues that "in []his testimony there is no indication that Joshua ever knew what was about to happen, or that he was ever in fear that Mr. Greacen was going to commit a battery," (Def.'s br. at 13), Joshua Pursel, on the other hand, said in his deposition that defendant Greacen's conduct "startled" him. (Joshua Pursel dep. at 87, 92, 94, 96.)

Therefore, defendant Robert Greacen's motion as to Count I, assault, of the plaintiffs' complaint, is denied.

### 4. *Count II: Battery*

Pennsylvania courts define battery as "harmful or offensive contact with a person resulting from an act intended to cause the plaintiff or a third person to suffer such a contact or apprehension that such a contact is imminent." *Herr v. Booten,* 398 Pa. Super. 166, 170, 580 A.2d 1115, 1117 (1990). Greacen asserts that "Plaintiffs have alleged that Greacen intended to harm Joshua," but failed to present evidence demonstrating such intent. (Def.'s br. at 14.) The court is not convinced by this argument, however, as the question of the intent required for a battery claim is whether the actor intends to bring about the offensive contact, not whether he intends the specific injury. Restatement (Second) of Torts §§16, 19.

The court is satisfied that there is evidence in the record to create a genuine issue of material fact regarding the plaintiffs' contention that Greacen intended to cause an offensive contact with Joshua Pursel. Therefore, defendant Robert Greacen's motion, as to Count II, battery, of the plaintiffs' complaint is denied.

### CONCLUSION

For the above reasons, the motion for summary judgment on behalf of defendant Robert Greacen filed on December 27, 2005 is granted in part and denied in part, as set forth in the accompanying order.

### ORDER

And now, February 15, 2006, upon consideration of the motion for summary judgment on behalf of defendant Robert Greacen filed on December 27, 2005, and

the plaintiffs' response thereto, and after argument thereon; it is hereby ordered that, for the reasons set forth in the accompanying opinion, said motion is granted in part and denied in part, as follows:

(1) Said motion is granted as to Count III, negligence and Count IV, gross negligence and outrageous conduct and, therefore, Counts III and IV of the third amended complaint filed at docket number 2003-C-3368 are hereby dismissed with prejudice; and,

(2) It appearing that a genuine issue of material fact exists, said motion is denied as to Count I, assault, and Count II, battery.