578 A.2d 612

**John JONES, Appellant**

v.

**CLEARFIELD AREA SCHOOL DISTRICT and Clearfield Area School Board, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1990.

Decided July 27, 1990.

R. Thomas Forr, Jr., Sullivan, Forr, Stokan & Huff, Altoona, for appellant.

Elizabeth L. Cunningham, Clearfield, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

## OPINION

McGINLEY, Judge.

John Jones appeals a Clearfield County Common Pleas Court order granting the Clearfield Area School District (District) and Clearfield Area School Board's (Board) motion for summary judgment. We reverse.

The District advertised for competitive bids to provide student transportation. On May 23, 1988, the Board met to consider those bids and voted to award the contract to the lowest bidder who could meet all specifications, including bonding requirements. The Board made no announcement of the awardee at that time. Rather, at its next meeting, the Board announced the award of the contract to Laidlaw Transit, Inc. (Laidlaw).

Jones, an unsuccessful bidder, filed a motion for injunction and an action for declaratory judgment. The District preliminarily objected and, after Jones amended his complaint, the District moved for and was granted summary judgment.

The issue we must decide is whether the trial court erred in granting summary judgment when it concluded that no violation of the Sunshine Act[1] had occurred. Of course, summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories and affidavits establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035; *Houston v. Central Bucks School Authority*, 119 Pa.Commonwealth Ct. 48, 546

1. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271–286.

A.2d 1286 (1988), *appeal denied*, 522 Pa. 598, 562 A.2d 322 (1989). Our scope of review of the grant of a motion for summary judgment is limited to whether there has been an error of law or a manifest abuse of discretion. *Id.*

Jones contends that material factual questions remain on whether the Board committed a Sunshine Act violation when it awarded the transportation contract to Laidlaw without public hearing, participation or vote. We agree.

The minutes of the May 23 meeting attached to the affidavits supporting the Board's motion clearly indicate the Board's intention to award the transportation contract to the lowest bidder who could, within five days, submit proof of its conformance with all of the District's requirements. (Exhibit A, Clark affidavit, Board minutes, 5/23/88.) This was confirmed in writing to Jones the very next day. (Exhibit A, Jones affidavit, Board letter, 5/24/88.)

However, both in his complaint and in his affidavit countering the Board's summary judgment motion, Jones averred that there was no public vote awarding the contract to Laidlaw. He also averred that he was the lowest bidder meeting all specifications, including the posting of a performance bond. (Complaint, para. 4.) In its answer, the Board denied that Jones met all bid specifications and in its affidavits countered that there *was* a public vote at its May 23 meeting to award the contract to the lowest bidder. (Board answer, para. 4.) However, no announcement of that successful bidder was to be made until the following Board meeting due to the fact that all bidders were given five days to submit proof of bonding capabilities. (Affidavits of Board Directors Graham, Cugini, et al.)

In its opinion, the common pleas court concluded that no Sunshine Act violation had occurred and considered itself "bound to accept the [Board's] decision that [Jones] could not [meet] the advertised specification for the transportation contract...." On the contrary, the court is required to view the record in the light most favorable to the non-moving party. *Wolgemuth v. Kleinfelter*, 63 Pa.Commonwealth Ct. 395, 437 A.2d 1329 (1981) (standards for granting

peremptory judgment same as those governing disposition of summary judgment motion).

Jones has raised material factual questions about whether he was the lowest conforming bidder. He also raised questions about the process by which the bids were examined for conformance with the bid criteria. These questions go directly to the issue of whether the Board conducted deliberations on "[a]gency business," defined in Section 3 of the Sunshine Act as, *inter alia*, "the creation of liability by contract ...," 65 P.S. § 273, and took "[o]fficial action," also defined therein as "decisions on agency business ..." without benefit of an open, public meeting as required by Section 4 of the Sunshine Act. 65 P.S. § 274.

Accordingly, the order of the Clearfield County Common Pleas Court is reversed.

## ORDER

The Clearfield County Common Pleas Court order, No. 88–961–CD dated April 5, 1989, is reversed.