595 A.2d 787

**Clyde W. KELLY and Kathleen D. Kelly, his wife, Appellants,**

**v.**

**CURWENSVILLE AREA HIGH SCHOOL and Curwensville Area School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1991.

Decided July 25, 1991.

Joseph J. Nypaver, Altoona, for appellants.

Stephen M. Elek, Philadelphia, for appellees.

Before DOYLE and COLINS, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Clyde W. Kelly and Kathleen D. Kelly (the Kellys) appeal from an order of the Court of Common Pleas of Clearfield County, granting Curwensville Area High School's (High School) and Curwensville Area School District's (collectively, School District) Motion for Summary Judgment. We will reverse and remand.

The School District hired Union Roofing and Heating Supply to install a new roof on the High School building. In connection therewith, on March 4, 1987, Clyde W. Kelly (Kelly), an employee of Union Roofing, had climbed up a ladder, which was permanently attached to an outside wall of the High School building for the purpose of ascending and descending to and from the second level roof. After climbing back down the ladder, and reaching the bottom of the ladder, Kelly stepped on to the first level roof, bumped into a skylight, which the Kellys aver was positioned too close to the ladder, lost his balance, and fell backward through the dome of the skylight. Kelly landed on the floor of the school cafeteria and sustained severe injuries as a result of the fall.

The Kellys instituted action against the School District pursuant to the real property exception to governmental immunity found in Section 8542(b)(3) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3).[1] In their

---

1. Section 8542(b)(3) provides, in pertinent part:

complaint, the Kellys allege that the School District was negligent because of its (1) placement of the ladder in close proximity to the skylight rendering it unsafe for use; (2) failure to warn Kelly of that danger when using the ladder; (3) failure to realize that the ladder situated as it was presented a risk of harm to business invitees; (4) failure to move the ladder to a safer position; and (5) failure to install an unbreakable or break-resistant skylight.

The School District filed a preliminary objection in the nature of a demurrer alleging that the Kellys' cause of action did not fall within any of the exceptions to governmental immunity under 42 Pa.C.S. § 8542. The Kellys filed an answer and preliminary objections to the School District's preliminary objection. Common Pleas entered an order, which stated that further objections could best be disposed of following completion of filing of depositions and affidavits in conjunction with a motion by the School District for judgment on the pleadings or for summary judgment. All parties proceeded with discovery, following which the School District filed a motion for summary judgment. Briefs were then presented and oral argument was received. Common Pleas issued a memorandum and order on June 12, 1990, granting the School District's motion for summary judgment. This appeal followed.

"[S]ummary judgment is properly granted only where the pleadings, depositions, answers to interrogatories and affidavits establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Jones v. Clearfield Area School District*, 134 Pa.Commonwealth Ct. 288, 289, 578 A.2d 612, 613 (1990). "Our scope of review of the grant of a motion

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

.    .    .    .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

for summary judgment is limited to whether there has been an error of law or a manifest abuse of discretion." *Id.*, 134 Pa.Commonwealth Ct. at 290, 578 A.2d at 613. On review, we must "view the record in the light most favorable to the non-moving party." *Id.*, 134 Pa.Commonwealth Ct. at 290, 578 A.2d at 614.

■ The Kellys argue that Common Pleas misapprehended the allegations in their complaint and in Kelly's deposition testimony and that there remain material issues of fact. Therefore, the Kellys maintain that Common Pleas erred in granting the summary judgment. The Kellys argue that the following language in Common Pleas' Memorandum and Order mischaracterizes the nature of the allegations in their complaint: "The Complaint alleges that while Kelly was descending from the second story roof to the first story roof *he tripped and fell,* falling through a skylight and landing in the cafeteria area." (Emphasis added.) This Court can find no where in the complaint where it is alleged that Kelly "tripped and fell." Common Pleas then concluded that because "[i]t therefore is clear that [Kelly's injuries] were caused by his tripping, losing his balance and falling backwards," and not due to any defect in the real estate, that the real property exception does not apply. This conclusion is simply not supported by the record. In fact, what caused Kelly to lose his balance and fall through the sky light is an unanswered material factual question.

Following a careful inspection of the record in this matter, it is apparent to this Court that the record is not ripe for summary judgment. Issues of material fact remain to be resolved. The ladder and skylight are fixtures and integral parts of the building. They are, therefore, part of the real property. Furthermore, the alleged negligent conduct of the School District directly relates to the care, custody and control of the real property.

■ In order to fall within the real property exception to governmental immunity, the Kellys must show that the injury was caused by a defect in the real estate itself.

Common Pleas found that the Kellys' complaint alleged no such defect in the real property. We must disagree.

In their complaint, the Kellys allege, *inter alia*, that the ladder was a fixture installed, as a permanent, integral part of the building, so as to allow ease of access from one level of the roof to another. It is further alleged that the skylight was placed too close to the bottom of the ladder, so as to create a hazardous condition. Our review of the complaint indicates that it alleges facts, which if supported by competent testimony at trial, would allow the matter to go to a trier of fact.

There are sufficient allegations concerning the placement of the ladder directly in a hazardous proximity to the skylight, together with the allegations concerning the matter of construction of the skylight, such that a defect in the real estate itself is alleged. *See Gump v. Chartiers–Houston School District*, 125 Pa.Commonwealth Ct. 596, 558 A.2d 589, *petition for allowance of appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989); *Stahl v. Cocalico School District*, 112 Pa.Commonwealth Ct. 50, 534 A.2d 1141 (1987).

Because issues of material fact remain, the School District is not entitled to summary judgment. Accordingly, Common Pleas' Opinion and Order are reversed and this matter is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 25th day of July, 1991, the Opinion and Order of the Court of Common Pleas of Clearfield County is reversed and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.