## Wills v. County of Bucks

C.P. of Bucks County, no. 96-8227.

*Richard A. Stoloff,* for plaintiff.
*Martin J. King,* for defendants.

GARB, *P.J.,* October 14, 1998—Plaintiff was injured on November 9, 1994 at a time when he was an inmate of the Bucks County Correctional Facility. On that date, he was assigned to perform community service work on behalf of the Bucks County Department of Adult Probation and Parole. His job was to move certain office furniture and equipment from one area in the office of Adult Probation and Parole to another.

At that time, he and another resident were directed by the person supervising the work to move a bookshelf which was sitting on a table to a dolly with wheels on it. The plaintiff protested that the bookshelf was too heavy with the books still upon it, but that protest was disregarded by the supervisor on the basis that it was only going to be moved a few feet to the dolly. As plaintiff and the other resident lifted the bookshelf off the table, the bookshelf "jerked down" and landed on the plaintiff's leg, causing the injury. The other inmate

assisting plaintiff stated that a piece broke off of the bookshelf causing it to fall from his grasp.

As a result, the plaintiff allegedly suffered a laceration to his leg and subsequent back problems. He thereupon filed this complaint in trespass naming the County of Bucks, Bucks County Adult Probation, and Bucks County Department of Corrections as parties defendant.

The pleadings being closed and discovery completed, defendants have moved for summary judgment. Based on the complete record before us, summary judgment will be entered for defendants.

A motion for summary judgment is properly granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894 (1987). In making this determination, all well pleaded facts in the nonmoving party's pleading must be accepted as true. *Estates of Harding and Cooper,* 117 Pa. Commw. 371, 544 A.2d 1060 (1988). See also, *Samarin v. GAF Corp.,* 391 Pa. Super. 340, 571 A.2d 398 (1989).

The foregoing facts are established primarily from the deposition of the plaintiff himself. The defendants have interposed as their defense the application of the local agency Tort Claims Act. The Act as amended on July 6, 1995, P.L. 290, no. 43, §1, 42 Pa.C.S. §8542. That Act provides that except as specifically provided, no local agencies shall be liable for any damages on account of any injury caused by any act of the local agency or an employee thereof. This statute was enacted by the legislature in response to the abrogation by the Supreme Court of the previously judicially created doctrine of governmental immunity. See *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). This Act, legislatively, created gov-

ernmental immunity against any damages on account of any injury caused by any act of a local agency or employee thereof except as provided by the exceptions set forth in the Act. Those exceptions are found in section 8542 of the Act. The exceptions must be narrowly construed in view of the express legislative intent to shield political subdivisions from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

Section 8542 provides that a local agency shall be liable for damages on account of injury within the limits set forth therein if the damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under this Act and the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subparagraph (b) of that section. The only exception relevant hereto set forth in subsection (b) is exception (3), real property. That section, in relevant part, provides as follows:

"(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . ." 42 Pa.C.S. §8542(b)(3).

The evidence in this case establishes that plaintiff's injury occurred as a result of the bookcase falling on his leg. Assuming, for purposes of this motion, that the supervisor who directed the plaintiff to lift the bookcase was negligent under the circumstances in doing

so, the question is whether that bookcase constituted real property in the care, custody or control of the local agency. Obviously, the bookcase does not fit the classic definition of real estate. However, this real property exception to governmental immunity includes articles of personal property or chattels which have been affixed to real property so as to become realty itself, namely, fixtures. See *Kelly v. Curwensville Area High School,* 141 Pa. Commw. 449, 595 A.2d 787 (1991). Whether or not a chattel or article of personal property has become a fixture or realty necessarily involves certain factual considerations such as the manner in which the chattel was physically attached or installed, the extent to which the chattel is essential to the permanent use of the building or other improvement, and the intent of the parties who attached or installed the chattel. *Noll by Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 643 A.2d 81 (1994). A thing is deemed to be affixed to real property when it is attached to it by its roots, embedded in it, permanently resting upon it or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws. *Davis v. Brennan,* 698 A.2d 1382 (Pa. Commw. 1997). In that case, the plaintiff was allegedly injured as a resident of the Susquehanna County Correctional Facility while taking a shower and falling when the "grab bar" in the shower stall broke free from the shower unit. The trial court granted summary judgment on the grounds that the shower stall was not real property under the terms of this Act. The Commonwealth Court reversed and remanded on the grounds that the record was insufficient to establish the nature or manner in which the shower stall was attached to the realty.

Under most circumstances, we would find it difficult to understand a determination that a shower stall is not essentially affixed to the real property as that term is applied in *Davis v. Brennan, supra.* At the very least, the shower stall is attached by virtue of the pipes carrying the water to the showerhead from within the walls and to the source of water of the building in which the shower stall is installed. In the case before us, the instrumentality causing the injury was not a shower stall but rather a bookcase positioned upon a table, which was in no way fastened to anything nor intended to be. It was totally moveable by merely picking it up and carrying it to a dolly so that it could be moved to another location or even to another building. At most, it is a piece of furniture which was never intended to, nor was it ever attached to any portion of the real estate.

We do not believe that *Martin v. City of Philadelphia,* 696 A.2d 909 (Pa. Commw. 1997) as cited by the plaintiff, derogates from our conclusion. In that case, the minor child was injured when he ran into a pile of leaves in which an iron pipe was hidden from sight. Once again, the grant of summary judgment by the trial court based upon a real estate exception to the local agency Tort Claims Act was reversed by the Commonwealth Court and remanded. The basis of the remand was the fact that the record did not clearly establish that the metal pipe was not a part of the real estate as a goal post or former goal post installed upon the school playing field. The court in that case held that the instrumentality did not necessarily have to be permanently affixed or attached to the real property in order to qualify as the real property exception. That

was on the basis, however, of whether or not the instrumentality in that case, the metal pipe, had been part of the goal post and still remained on the property of the local agency. We believe that that case is factually distinguishable from the instrumentality in this case, a bookcase which was never, at any time, secured to the real property.

For the foregoing reasons, we will enter summary judgment for the defendants.

## ORDER

And now, to wit, October 14, 1998, it is hereby ordered that summary judgment be entered for the defendants and against the plaintiff and the complaint dismissed.