Franco G. FORGIONE, Appellant,

v.

John G. HECK and the City of Williamsport.

Commonwealth Court of Pennsylvania.

Argued July 21, 1999.

Decided Aug. 19, 1999.

---

Paul R. Mazzoni, Scranton, for appellant.

Robert A. Seiferth, Williamsport, for appellees.

Before COLINS, President Judge, McGINLEY, J., and KELLEY, J.

COLINS, President Judge.

Appellant, Franco G. Forgione, has filed an appeal from the order of the Court of Common Pleas of Lycoming County (common pleas court) granting the motion for summary judgment filed on behalf of appellees, John G. Heck and the City of Williamsport (collectively, city). Appellant asserts that common pleas court erred in concluding that under Section 8542(b)(1) of what is commonly known as the Political Subdivision Tort Claims Act (Act), 42 Pa. C.S. § 8542(b)(1),[1] appellant is excluded from maintaining a civil suit for money damages against the City because appellant's conduct constituted "flight or fleeing apprehension by a police officer." We affirm.

In the early morning hours of September 15, 1996, while patrolling the city streets, Officer John Heck spotted two young men traversing the sidewalk. Observing that one of the men was carrying what appeared to be a beer bottle, Officer Heck pulled alongside the two and beckoned them over. Ignoring the officer's request, the two men continued walking. At the next intersection, the two broke into a run, and Officer Heck gave chase in his police cruiser. He followed the two fellows who ran down an alley, through a yard and finally sought to hide themselves under the cover of a bush. (Notes of Testimony, pp. 18–21.) Unfortunately, the chase ended with Officer Heck striking appellant with the police cruiser, resulting in appellant sustaining physical injuries.

Appellant instituted action against the city alleging that while in pursuit of Forgione Officer Heck failed to exercise reasonable care in the operation of his motor vehicle. The city denied all material allegations, and the matter proceeded to discovery. Upon the close of the evidence, the city filed a motion for summary judgment asserting immunity under the Act.[2] After review of the evidence, common pleas court granted the motion ruling as a matter of law that Forgione was either fleeing from a police officer or

1. Section 8542(b)(1) provides in pertinent part:

   **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   (1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing

apprehension or resisting arrest by a police officer. . . .

2. We note that the city failed to raise the immunity defense as an affirmative defense as required by Pa. R.C.P. No. 1030. However, the defense of governmental immunity is an absolute defense, not waivable, and not subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *In re Upset Sale of Properties, (Skibo),* 522 Pa. 230, 560 A.2d 1388 (1989).

in flight from apprehension. Based thereon, common pleas court concluded that the city was immune from liability, as the vehicle exception to governmental immunity did not apply to Forgione. Forgione appealed to this Court. His appeal presents one issue: whether the trial court erred in finding that as a matter of law appellant was in flight at the time of injury immunizing the municipality and its employee from suit. It is asserted that "in flight or fleeing apprehension" is a factual issue that can be only resolved by the trier of fact.

"Our scope of review of the grant of a motion for summary judgment is limited to whether there has been an error of law or a manifest abuse of discretion." *Jones v. Clearfield Area School District,* 134 Pa. Cmwlth. 288, 578 A.2d 612, 613 (1990). Summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories, and affidavits establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Mickle v. City of Philadelphia,* 550 Pa. 539, 707 A.2d 1124 (1998). In determining whether a genuine issue of material fact exists, the court is bound to view the evidence in the light most favorable to the non-moving party. *Id.*

■ Where, as here, no factual controversy exists there can be no issue of fact to resolve. In his complaint, Forgione acknowledged that he ran from Officer Heck. *See* Complaint at ¶ ¶ 5, 7.[3] Moreover Forgione testified that he was running from the police because he was afraid of getting into trouble. (Notes of Testimony, pp. 8–11.) Thus, the pleadings and other evidence of record clearly establish that Forgione was "fleeing the police," therefore there was no genuine issue of material fact

for common pleas court to submit to the jury.

There being no error in the findings and conclusions of the common pleas court, summary judgment was properly entered. Accordingly, the order of the Court of Common Pleas of Lycoming County is affirmed.

### *ORDER*

AND NOW, this 19th day of August, 1999, the order of the Court of Common Pleas of Lycoming County is **AFFIRMED**.

---

3. Paragraphs 5 and 7 of the Complaint reads as follows:

    5. As the officer pulled alongside the two men, Defendant Heck observed that one of them had in his hand what the officer suspected was a brown beer bottle. The officer asked him to stop and talk; he did not

stop, but kept walking and when the two men reached Birkle Court, they turned onto that street and ran in a northerly direction. 7. As the Plaintiff ran west along the north wall of the building, Officer Heck pursued him in the police cruiser just feet from the Plaintiff, . . . .