# Miller v. Twin Arches Ltd.

C.P. of Dauphin County, no. 2002 CV 2654.

*Daniel Pollock,* for plaintiff.
*William E. Dengler,* for defendant.

CLARK JR., *J.,* August 5, 2005—

## INTRODUCTION

Before the court for disposition is the summary judgment motion of the defendant, Twin Arches Ltd. (McDonald's). The plaintiff is alleging that on June 15, 2000, at approximately 6 p.m., after exiting a McDonald's restaurant (located at 2270 Harrisburg Pike, Middletown, Dauphin County, Pennsylvania) holding a food item, he slipped and injured himself in the driveway adjacent to the parking lot. In his complaint, the plaintiff is alleging that McDonald's was negligent in failing to properly maintain the walkways and parking lot of its business premises free from slip hazards.

This incident occurred while it was raining outside. The plaintiff admits that he did not notice any oily substance on the macadam driveway and parking areas when he entered the McDonald's. He also states that he noticed the floor inside the restaurant was wet and greasy. At the time the plaintiff exited the restaurant, the driveways and parking lot were wet. The plaintiff exited through the same door he had entered while holding a food item, walked across a walkway, and took two steps onto the wet macadam parking lot when he slipped and fell.

After falling, the plaintiff claimed that he then noticed an oily substance on the wet macadam in the vicinity of the area where he fell. The plaintiff claims that McDonald's was negligent for allowing the oily

substance on its parking lot. The plaintiff also has proposed expert testimony that the slope of the parking lot was too steep of a grade for safe walking, especially in wet conditions.

At the plaintiff's deposition on September 3, 2003, he admitted that he never actually touched the oil, could not tell what color the oil was, nor did he notice any oil stains on the clothes he was wearing that day (although he did not really look at the clothes but threw them away after the fall because the hospital personnel had cut them off his body). The plaintiff did have the sneakers he was wearing that day, but there were no allegations of any oil marks on the sneakers. He also admitted that he did not know if the oily substance on the macadam was an oil puddle or if it was an oily film. He further did not know how deep the oil was or how far on the parking lot the oil extended. Finally, he also did not know how long the oil had been on the macadam.

When asked specifically by the defendant's counsel, "Do you know what caused your foot to slip?" the plaintiff answered:

"Do I know? What happened was the—yeah, I slipped. How do you word a slip? I don't know. My heel slipped, yes. I most definitely slipped." Deposition, September 3, 2003, p. 53 ll. 6-12.

Of critical importance, we note that nowhere in the complaint does the plaintiff say that the oil (or any other substance) caused him to slip. With regard to the slope of the parking lot, although the plaintiff's proposed expert claims the slope is unsafe, nowhere does the plaintiff, in either his complaint or deposition, claim that the slope caused him to fall.

The defendant is moving this court for summary judgment for the reasons listed below:

## DEFENDANT'S ISSUES FOR
## SUMMARY JUDGMENT

The defendant's motion, and as amplified in the brief in support thereof, alleges the following reasons why it is entitled to summary judgment:

(1) *The defendant is not liable for plaintiff's personal injuries due to the fact that plaintiff cannot prove what caused him to fall.*

(2) *Defendant is not liable because plaintiff cannot prove defendant had actual or constructive notice of the alleged substance.*

## DISCUSSION

### 1. *The Defendant Is Not Liable for Plaintiff's Personal Injuries Due to the Fact That Plaintiff Cannot Prove What Caused Him To Fall*

The standard to be utilized in addressing a motion for summary judgment is set forth by Pa.R.C.P. 1035.2 which provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

We further note that we must view the record in the light most favorable to the non-moving party. *DeWeese v. Anchor Hocking,* 427 Pa. Super. 47, 50, 628 A.2d 421, 422 (1993). All well-pleaded facts of the non-moving party must be accepted as true, and all reasonable inferences to be drawn from those facts must be construed in favor of the non-moving party. *Id.*

The defendant is alleging that the plaintiff does not have sufficient evidence to make a prima facie case. Its claim is that there is no direct proof that the oil, the steep slope, or any other alleged negligent condition of the defendant's property caused the plaintiff's fall. The defendant claims it is just as likely that the plaintiff fell for a non-negligent reason.

The plaintiff counters that the cause of his fall is a question of fact which should be determined by the trier of fact. He cites to *Kelly v. Curwensville Area High School,* 141 Pa. Commw. 449, 595 A.2d 787 (1991), as an example of a case where summary judgment was denied because the Commonwealth Court determined that it was a factual issue for the jury to determine the cause of the plaintiff's fall.

In *Kelly,* Mr. Kelly was a roofer hired by the high school to do repairs. He was injured when he fell through a skylight into the cafeteria. The trial court granted summary

judgment after ruling that Mr. Kelly merely tripped. The Commonwealth Court, however, after reviewing the pleadings, stated that Mr. Kelly alleged that the school negligently placed his ladder too close to the skylight causing him to hit his head and fall. The Commonwealth Court remanded the case for a jury to determine how he fell.

There is a major difference between *Kelly* and the case at bar. In *Kelly,* the plaintiff claimed that he knew and could testify and explain exactly why he fell, and therefore a jury must determine if that indeed occurred. In the case at bar, the plaintiff does not know why he fell. When asked by the defendant's counsel what caused him to fall he merely replied that he slipped.

We agree, however, that there are cases when a plaintiff may not have any direct evidence as to why he fell and a jury may be allowed to make this determination based upon circumstantial evidence. The Pennsylvania Supreme Court has stated with regard to circumstantial evidence:

"We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. . . . Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the *only* one which logically can be [sought]."

*Smith v. Bell Telephone Co.,* 397 Pa. 134, 138, 153 A.2d 477, 479-80 (1959). (citations omitted) (emphasis in original)

Thus, the proper application of circumstantial evidence depends on the nature of the evidence in the case. For example, there could be a situation of res ipsa loquitur, *i.e.,* a case where other non-negligent causes are sufficiently eliminated from being responsible for the plaintiff's slip. See *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974), on res ipsa generally. Or there could be a case where the jury could reasonably infer the cause of the plaintiff's fall based upon a proper evidentiary foundation. For example, in *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991), the Pennsylvania Supreme Court allowed the jury to infer the cause of the plaintiff's fall.

In *Marks,* the plaintiff, Mr. Marks was legally blind and was walking with his friend, Mr. Codell, on the sidewalk in front of the defendants' office. Mr. Codell was walking in front of the plaintiff when the plaintiff tripped and fell. Mr. Codell did not see what caused the plaintiff to fall (and neither did the plaintiff because of his disability). However, Mr. Codell did see the plaintiff immediately after he fell and did see the plaintiff's feet in a depression in the sidewalk. The plaintiff then sued the defendants for not properly maintaining the sidewalk in front of their office.

The defendants filed a motion for summary judgment on the grounds that the plaintiff had no direct evidence as to how he fell. However, the Pennsylvania Supreme Court denied the motion. The court stated that "it could logically and reasonably be inferred," by a jury that the

plaintiff fell because of the defective sidewalk. *Marks,* 527 Pa. at 137, 589 A.2d at 207.

The main differences between *Marks* and the case at bar is that, although Mr. Marks did not know what made him trip, he knew it was something other than himself. In other words, he tripped on a foreign object. A jury now has to identify what that object was. A jury is further assisted because there was a witness who positively identified that Mr. Marks' feet were in the sidewalk depression immediately after the accident. They could reasonably infer that the sidewalk caused Mr. Marks to trip.

In the case at bar, we generally agree that it is possible for someone to slip and fall because there is oil on the ground. However, just because it is possible for someone to slip on oil does not prove that the alleged oil is actually what caused the plaintiff to slip. There must be some proof that the oil caused the slip, otherwise it is just conjecture. In this case, the plaintiff himself does not even know why he fell. Further, he has no physical evidence or eyewitness testimony to support any theory of why he fell. A jury may only draw inferences based on evidence. In this case, there is no evidence for any explanation as to why the plaintiff fell, short of speculation, conjecture or mere guess.

In *Houston v. Republican Athletic Association,* 343 Pa. 218, 22 A.2d 715 (1941), the decedent died by falling down a flight of stairs. There were no witnesses, so no one knew how the decedent tripped. The decedent's wife sued the owner of the building, the building's lessee, and others because she proved that the stairs had a large splinter sticking up on the third stair, and upon which the decedent might have likely tripped. The Pennsylva-

nia Supreme Court affirmed a compulsory nonsuit in this case.

Our Supreme Court stated, "the circumstances relied upon are at least equally consistent with theories of the case attributing the accident to a variety of causes, not excluded by the evidence, for none of which any of the appellees could conceivably be held liable, . . . 'Where a defendant is liable only for one of two or more equally probable causes and to say which is a mere guess, there can be no recovery.'" *Id.* at 221. (citations and quotations omitted) See also, *McNeil v. Ginsberg,* 28 D.&C.4th 531 (Montg. Cty. 1996), "a cause of action cannot be premised upon mere speculation or conjecture." *Id.* at 537.

We find that the case at bar is much more similar to *Houston* than to *Marks.* It is just as likely that the plaintiff slipped on the wetness on the macadam surface caused by a naturally occurring condition, *i.e.,* the rain, or that he merely lost his footing, as it is that he slipped on the alleged oil. (The theory that the plaintiff lost his footing is not implausible considering that he had a hip replacement and was carrying a food item.) Just like in *Houston,* this is a case where it is impossible to prove by circumstantial evidence (short of employing the prohibited speculation, conjecture or mere guess) what caused the plaintiff to slip.

This is also why the evidentiary doctrine of res ipsa loquitur would not apply to the plaintiff's case. The res ipsa doctrine states that a jury could infer negligence if an occurrence happens that would not normally occur absent negligence. See *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974). However, in order to make this

inference, the doctrine requires that "other [non-negligent] responsible causes, including conduct of the plaintiff and third persons, [must be] sufficiently eliminated by the evidence." *Gilbert,* 457 Pa. at 613, 327 A.2d at 100.

In this case, other non-negligent causes certainly cannot be eliminated. The plaintiff himself absolutely does not know why he fell, and therefore cannot deny that he might have slipped on the rainwater or he might simply have lost his footing. "Proving that an accident happened, or the existence of an opportunity for it to happen is entirely insufficient to establish negligence." *Hillelson v. Renner,* 183 Pa. Super. 148, 151, 130 A.2d 212, 214 (1957). (citation omitted)

Thus, when we read all the evidence in the case in the light most favorable to the plaintiff, we must conclude that no legally recognizable claim has been made. Also, the plaintiff's own deposition testimony shows that he does not know why he slipped. Further, and even more salient to this inquiry, the plaintiff's complaint contains no averments that his (plaintiff's) injuries were caused by the aforesaid alleged negligent condition(s) of the defendant's property.

Indeed, the plaintiff's complaint states in relevant part:

"(18) Upon taking that second step, Mr. Miller slipped and fell to the driveway.

"(19) Mr. Miller's fall to the driveway resulted in him breaking his right femur and his right replaced hip.

"(20) While lying on the wet pavement, while waiting for medical attention, Mr. Miller noticed an oily substance on the top of the pavement." Complaint, June 12, 2002, paragraphs 18, 19 and 20.

Unfortunately for the plaintiff, his complaint utterly fails to even directly assert any factual cause for the plaintiff's slip, fall and subsequent injuries. A fair reading of the plaintiff's complaint reveals that at no point does it state that the alleged oil on the macadam surface caused the fall; it merely states that the plaintiff noticed the oil residue after he fell. The same is true as to any other possible cause(s) *i.e.,* the grade of the ramp or the construction of the driveway and parking lot surface, for the plaintiff's unfortunate mishap.

In short, a jury would be required to engage in speculation, conjecture, or guess in order to determine the cause of the plaintiff's slip and fall. It is bedrock law in this Commonwealth that a jury is not permitted to engage in any of those methods of determination. "Where the evidence in the case affords no greater basis for a jury's verdict than a guess or conjecture, the evidence is legally insufficient to support a verdict, and the case must be withdrawn from the jury." 9 Std. Pa. Practice 2d. §58:11. (citations omitted)

### 2. *Defendant Is Not Liable Because Plaintiff Cannot Prove Defendant Had Actual or Constructive Notice of the Alleged Substance*

Since the plaintiff cannot prove that any defects on the defendant's property caused him to fall, it would be ordinarily irrelevant whether or not the defendant had actual or constructive notice of the alleged defects. However, to fully dispose of the issues at bar, we will now address the issue of notice.

The Restatement of Torts states,

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if,

but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it and (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343.

With regard to the liability of the owner of a business for negligence, it is well established that "the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition, or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known it." *Porro v. Century III Associates,* 846 A.2d 1282, 1286 (Pa. Super. 2004).

In *Porro,* the plaintiff slipped down the stairs while he was at the mall. He claimed that there was a wet soapy spot at the top of the stairs. The Superior Court affirmed summary judgment because the plaintiff did not know how long the soapy substance had been there, or that the mall employees dropped the substance or should have been aware of its existence.

In the case at bar, the plaintiff cannot establish that the defendant had notice of the alleged oily film on the restaurant driveway. Again we turn to the plaintiff's deposition, wherein he states:

"Q. You don't know whether it was a puddle or film that covered the entire parking lot?

"A. No.

"Q. Do you know how long the oily substance had been on the macadam?

"A. Why would I know that?

"Q. Do you know?

"A. No.

"Q. Do you know how it came to be there?

"A. No." Deposition, September 3, 2003, p. 53 l. 24 to p. 54 l. 13.

It is not surprising that the plaintiff has no idea how the alleged oily substance appeared on the driveway and parking lot area, or how long it had been there. These are the types of questions that a defendant's counsel would obviously pursue with fervor while conducting a deposition of a plaintiff. However, in the normal progression of a lawsuit involving a slip and fall concerning a business invitee (such as the plaintiff), it is imperative that these questions be answered, *and,* that the answers must meet the standard set forth in the Restatement, above, in order to withstand a motion for summary judgment.

A defendant cannot be held liable for a condition of which it has no notice. Since McDonald's cannot be proven to have had notice of the alleged slippery condition, which condition is inferred by the plaintiff to have been caused by the presence of the alleged oily film, it (McDonald's) cannot be found liable for negligence.

The plaintiff apparently cannot produce direct or circumstantial evidence of either causation or of notice. These are facts which are essential to the successful assertion of a cause of action in the fact scenario set forth in the plaintiff's complaint, and the lack of same are fatal to his case. We are always reluctant to take a case

away from a plaintiff prior to trial. However, there are situations where we cannot allow the matter to proceed; and this case, unfortunately for this plaintiff, is one of those situations. Therefore, for the reasons enumerated above, the defendant's motion for summary judgment must be granted, and we issued a separate order, of even date herewith, reflecting the same.

Issued at Harrisburg, August 5, 2005.