**White v. City of Philadelphia**

*Kelly Susan Diffily*, for defendants/appellants.

*Alan E. Denenberg* and *Martin Stanshine*, for plaintiff/ appellee.

JACKSON, *J.*, July 29, 2013—

## I. FACTUAL AND PROCEDURAL HISTORY

This is an appeal arising out of this court's order denying defendants' post trial motions and an entry of judgment in the amount of $100,000.00 stemming from a jury verdict in favor of the plaintiff. This case arose out of an accident between the plaintiff, Gregory White (hereinafter "appellee") and the defendant, Philadelphia Police Officer Kevin Devlin, (hereinafter "appellant"). At the start of trial, there were three (3) named defendants; the City of Philadelphia, Police Officer Kevin Devlin, (collectively "appellants") and Police Officer Joseph McCauley. Police Officer Joseph McCauley was dismissed from the case, as agreed. The factual history of the case is as follows:

On November 12, 2008, appellant was operating an unmarked police vehicle northbound on 60th Street while on duty. N.T. 9/28/12 at 8-9. At approximately 1:15 pm, appellant observed appellee walking his bicycle northbound on 60th Street while exchanging pills for U.S. currency with two unknown individuals. N.T. 9/28/12 at 15. Appellee noticed appellant's vehicle behind him on 60th Street, however, because the vehicle was unmarked, appellee was unaware of appellant's identity. N.T. 9/28/12 at 22-23, 28. Thereafter, appellee began to ride his bicycle

westbound on Haddington Avenue away from the two (2) alleged buyers.[1] N.T. 9/27/12 at 32. Appellant also turned westbound on Haddington Avenue and it was at this point that appellee realized that appellant was, in fact, following him. N.T. 9/27/12 at 32-33; N.T. 9/28/12 at 15-17. Still unaware of appellant's identity, appellee attempted to escape the appellant on his bicycle. N.T. 9/27/12 at 32.

Despite the fact that the appellant was driving an unmarked vehicle, the appellant did not identify himself while pursuing the appellee. N.T. 9/27/12 at 32. Moreover, the appellant did not activate any audio or visual sirens, lights, or alerts while pursuing the appellee. Appellee testified that the appellant drove his vehicle onto the curb striking the rear tire of the appellee's bike. N.T. 9/27/12 at 32. As a result of the impact, appellee's ankle bone was "ripped" into pieces. N.T. 9/27/12 at 99-100, 117. The severity of this injury caused the appellee to undergo surgery and on-going treatment. The procedural history of the case is as follows:

The appellee filed a civil action in the Court of Common Pleas, Philadelphia County, Civil Division which was docketed under June Term 2010 (No. 02225). The appellee brought specific claims against appellants alleging negligence, assault, and battery.

On October 9, 2012, the jury found that the appellant was negligent and that his negligence caused appellee's injuries. It awarded $100,000.00 in compensatory damages to the appellee.

That same day, appellants filed post trial motions for

---

1. At this point, appellant allowed Officer McCauley out of the car to pursue one of the unknown buyers on foot while appellant pursued the appellee by car. N.T. 9/28/12 at 17, 20.

judgment notwithstanding the verdict ("JNOV") and a new trial. On October 10, 2012, a motion for delay damages and a request for bill of cost was filed on behalf of the appellee.

After oral arguments were held on March 18, 2013, this court denied appellants' post trial motions for JNOV and a new trial. This court then granted appellee's post trial motions for delay damages in the amount of $5,135.42 molding the verdict to $105,135.42. This verdict was entered onto the docket on March 28, 2013.

On April 1, 2013 the appellants filed their appeal docketed as 650 CD 2013 and filed a concise statements of matters complained of on appeal pursuant to Pa. R.A.P. § 1925(b) as outlined below. The ultimate issue presented is whether claims against the appellant should have been allowed pursuant to Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8542 (hereinafter "Tort Claims Act"). This opinion will address this issue and others complained of by the appellants within their statement of particulars. Additionally, this opinion will discuss the denial of appellants' post trial motions.

## II. DISCUSSION

### A. Standards of Review

### 1. Judgment Notwithstanding the Verdict ("JNOV")

This court's denial of appellant's motion for JNOV should be affirmed. As stated in *Lockwood v. City of Pittsburgh*, 561 Pa. 515, 519, 751 A.2d 1136, 1138 (2000);

"Judgment notwithstanding the verdict can be entered only if the movant is entitled to judgment as a matter of law or if the evidence is such that no two reasonable

minds could disagree that the outcome should have been rendered in favor of the movant. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003, 1007 (1992). A lower court's grant or denial of a judgment notwithstanding the verdict will be disturbed only for an abuse of discretion or an error of law. *Id.*"

As discussed below, the appellants were not entitled to a judgment as a matter of law. The credible testimony presented by the appellee supported the jury's verdict against the appellants. The appellant pursued the appellee in an unmarked vehicle. Although the appellant was attempting to effectuate an arrest, the appellant's failure to identify himself during the pursuit and subsequently running into the appellee's bike was enough evidence to find the appellant negligent. The evidence was not such that two reasonable minds would disagree with the outcome of this case. As such, the trial court's decision to deny appellants' motion for JNOV should be affirmed.

2. New Trial

According to Pennsylvania law, our research shows that, the trial court has sound discretion in determining whether to deny or grant a new trial. *Peterson v. Shreiner*, 822 A.2d 833, 836 (Pa. Super. 2003). So long as the trial court has not abused it's discretion or committed an error of law, the trial court's determination in granting or denying a new trial will not be disturbed. Ultimately, a new trial is warranted where the jury's verdict is inconsistent with the evidence provided in such a way that it shocks one's sense of justice. *Id.*

Here, as discussed above, there was sufficient evidence for the jury to find that the appellant was negligent and that his negligence was the factual and proximate cause

of the appellee's severe injuries. The verdict did not shock this court's sense of justice and we committed no error of law. Consequently, this court properly denied appellant's motion for a new trial and this decision should be affirmed.

### 3. Evidentiary Rulings

The appellants alleged that this court erred when excluding from the jury's consideration evidence of the appellee's underlying criminal conviction. Appellants argued that during their cross examination of the appellee, the appellants should have been permitted to ask the appellee if he illegally possessed specific quantities of cocaine, Percocet, Xanax, morphine, ecstasy, and valium during the incident. This court ruled that the appellants could only use the phrase "illegal contraband". This court's decision to limit the evidence to use of the phrase "illegal contraband" should be affirmed as it was within this court's sound discretion to do so.

The Tort Claims Act states that "whenever a plaintiff claims liability under [the Tort Claims Act] evidence is admissible to demonstrate that the plaintiff, at any time during the course of the alleged negligence, was engaged or participating in willful misconduct, including, but not limited to, the illegal possession of controlled substances, firearms or ammunition." 42 Pa. Cons. Stat. Ann. § 8542 (d). Nevertheless, the trial court has always had the responsibility of weighing the admissibility of relevant evidence when prejudicial. Pa. R.E. 403. Consequently, the trial judge has broad discretion to preclude relevant evidence that *may* be prejudicial or misleading if the probative value is substantially outweighed by the prejudicial effect. *Com. v. Parker*, 591 Pa. 526, 919 A.2d 943 (2007).

Subsection (d) of the Tort Claims Act would allow the appellants to admit evidence of the willful misconduct of the appellee, including his illegal possession of controlled substances. This court evaluated the prejudicial effect of allowing the specific testimony particularly referring to the quantity and type of illegal contraband within appellee's possession. As a result, this court determined that the probative value of such detailed testimony would have been substantially outweighed by the misleading nature of the specific testimony. Therefore, this court held that the appellant could not seek testimony regarding the quantity and type of the contraband in appellee's possession at the time of the incident. However, this court did allow the appellants to use the phrase "illegal contraband" in order to demonstrate that the appellee was engaged in willful misconduct. Moreover, the appellee openly testified to selling Xanax moments before his accident with the appellant. N.T. 9/27/12 at 22. This court's decision to deny appellants' motion should be affirmed.

B. Defendant's Appeal

As stated above, appellants' primary allegation is that this court committed an error of law in failing to apply the "in flight" or "fleeing apprehension" exception of the Tort Claims act. However, the appellants expanded this primary allegation into 3 separate issues on appeal. First, appellants argue that the "in flight" or "fleeing apprehension" exception to the vehicle exception of the Tort Claims Act precludes recovery to the appellee because the appellants owe no common law duty of care to the appellee, "a fleeing suspect." Next, appellants argue that this court wrongfully included a mens rea element to that statute requiring "knowing flight or knowingly

fleeing police apprehension." Lastly, the appellants argue that this court should not have allowed the jury to consider Verdict Sheet, question #7 which asked "[a]t the time of the incident, did the plaintiff, Gregory White *know* that the defendant, Officer Kevin Devlin, was a police officer and as a result was fleeing apprehension?" This opinion will address the primary allegation complained of by the appellant.

Determining whether a plaintiff was "in flight" or "fleeing apprehension" is question for the jury. *Forgione v. Heck*, 736 A.2d 759, 761 (Pa. Commw. 1999). The appellants have agreed with this determination. N.T. 9/25/12 at 34. However, this case involves a nuanced issue with the statutory language of the Tort Claims Act exception, particularly with the meaning of "in flight" or "fleeing apprehension." This court has interpreted the Tort Claims Act "in flight" or "fleeing apprehension" pursuant to the object and purpose of the statute as expressed in previous Pennsylvania cases.

The object to be attained by this exception to the Tort Claims Act was to prevent plaintiffs who choose to flee the police without regard to safety of themselves or others from benefitting from the situation the plaintiff created. *See Generally Hawks by Hawks v. Livermore*, 157 Pa. Commw. 243, 629 A.2d 270 (Pa. Commw. 1993) (explaining that it is a fleeing suspect who initiates a chase without regard to safety of themselves or others. Therefore, the fleeing suspect should not be able to assert liability against the government resulting from his flight when he could have "accepted any unpleasantness of apprehension"). In fact, the Tort Claims Act includes subsection (d) which allows evidence to be admitted to

demonstrate the wrongful conduct committed by the plaintiff. Therefore, it follows that, a plaintiff engaged in wrongful conduct must know they are fleeing the police in order to receive the benefit of fleeing from the police. Here, after engaging in his wrongful misconduct, appellee did not know he was running from the police in order to benefit from his flight. The appellant was driving an unmarked police vehicle in order investigate alleged drug dealers in the neighborhood. N.T. 9/28/2012 at 9-10. Despite the appellant's intention to be unrecognizable, the appellant then failed to identify himself while pursuing the appellee. Consequently, the appellee believed that he was running from someone who was trying to rob him, not from a police officer. N.T. 9/27/2012 at 64-65. Hence, the appellee was not absconding from police arrest but was attempting to escape from harm. Based on these facts, the jury's decision was consistent with the object to be obtained by the "in flight" or "fleeing apprehension" exception of the Tort Claims Act. It was reasonable for the jury to find that the appellee was not fleeing apprehension. As such, the jury's verdict should be undisturbed and this court's denial of appellants' post trial motions should be affirmed.

Moreover, "[t]he purpose of a jury charge is to clarify the legal principles at issue. Thus, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations." *Rittenhouse v. Hanks*, 2001 Pa. Super. 153, 777 A.2d 1113, 1118 (Pa. Super. 2001) (citations omitted). Jury charges are evaluated based on the charge in its entirety to determine whether an error was committed and whether the error was prejudicial. *Reilly by Reilly v. Southeastern Pa. Transp.*, 507 Pa. 204, 231, 489 A.2d 1291, 1305 (1985) (citations omitted). Not

only does the trial judge have the obligation of clarifying applicable principles of the law for the jury, but the trial judge also has the responsibility of assisting the jury in correctly applying those principles to the issues of the case. *Archer v. Pennsylvania R. Co.*, 166 Pa. Super. 538, 541, 72 A.2d 609, 611 (1950).

As demonstrated above, in order to efficiently apply the "in flight" or "fleeing apprehension" exception of the Tort Claims Act, this court had to adequately assist the jury in determining whether the appellee's claims fell within the exception. As discussed above, it was the jury's responsibility to determine if the appellee was fleeing apprehension. In order to decide whether the appellee was fleeing the police, the jury had to determine whether the appellee knew the professional identity of the appellant in order to gain a benefit of the circumstance the appellee created. The verdict sheet was submitted to help the jury accurately apply the principles of law to determine if the appellee was fleeing apprehension. Ultimately, the jury determined that the appellee was not fleeing apprehension because he did not know that the appellant was a police officer. The jury's verdict should not be disturbed and this court's denial of appellants' post trial motions should be upheld.

## III. CONCLUSION

Appellants' post trial motions should be rejected. This court's evidentiary rulings and jury instructions were appropriate. The evidence supports the jury's verdict and does not support appellant's motion for JNOV nor new trial. The application of the "in flight" or "fleeing apprehension" exception to the Tort Claims Act was a question rightfully decided by the jury. The evidence

supported a reasonable finding in favor of the appellee consistent with the object to be obtained by the statute. This court should be affirmed and the appellants' appeal should be denied.