# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,                              :
                                                 : No. 1901 C.D. 2014
                         Appellant               : Submitted: May 22, 2015
                                                 :
                 v.                              :
                                                 :
Clerk of Orphans' Court of                       :
Chester County, Orphans                          :
Court Division of the Chester                    :
County Court of Common Pleas,                    :
Chester County Register of Wills                 :


OPINION NOT REPORTED

PER CURIAM
MEMORANDUM OPINION                                    FILED: August 5, 2015


James D. Schneller appeals, *pro se*, from the order of the Court of Common Pleas of Chester County (trial court) filed February 27, 2014, granting the motion for summary judgment filed by the Clerk of Orphans' Court of Chester County, the Orphans' Court Division of the Chester County Court of Common Pleas, and the Chester County Register of Wills (collectively, Orphans' Court) and dismissing Schneller's petition. We affirm the trial court's order and deny Schneller's motion to strike the Orphans' Court's brief.

Schneller is an heir and beneficiary of trusts from his deceased parents. Estates were raised for both parents and completed per status reports filed February 4, 2005. On June 4, 2009, Schneller filed an application to proceed *in forma pauperis* and, allegedly, a petition for appointment as administrator of the estates. On June 10,

2009, the trial court issued an order denying the application to proceed *in forma pauperis* and directing that the clerk of the Orphans' Court not accept further filings or any documents attempting to re-open the estates. Schneller appealed to the Superior Court, which affirmed. The Superior Court determined that Schneller failed to file the petition for appointment as administrator and, as such, the application to proceed *in forma pauperis* was improperly filed pursuant to Pa. R.C.P. No. 240(c).

On December 30, 2010, Schneller again appealed the June 10, 2009, order and the orders dated April 9, 2010,[1] and December 1, 2010,[2] to the Superior Court. The Orphans' Court filed a motion to quash, which the Superior Court granted on May 11, 2011. Schneller did not appeal further.

On April 9, 2011, Schneller filed with the Orphans' Court an affidavit stating that on June 4, 2009, he mailed the petition for appointment as administrator in the same parcel as the application to proceed *in forma pauperis*. On August 2, 2011, Schneller requested the Clerk of the Orphans' Court "to accept the original copy of, and to docket, the petition pro tem" to be appointed administrator of the estates. (Pet. for Writ of Mandamus, 10/11/12, ¶ 28, at 6.)

---

[1] On April 9, 2010, the Orphans' Court dismissed Schneller's December 21, 2009, petition for review of the schedule of distribution and accounts in the estates in conformity with the June 10, 2009, order.

[2] On December 1, 2010, the Orphans' Court reaffirmed the April 9, 2010, order and declined to direct the Orphans' Court to enter Schneller's alleged petition for appointment as administrator because there was no evidence that the petition was ever filed in June 2009.

2

On October 11, 2012, Schneller filed a petition for writ of mandamus and an application to proceed *in forma pauperis*. The Orphans' Court held a hearing on November 1, 2012, regarding the application to proceed *in forma pauperis*, at which Schneller failed to appear. On November 2, 2012, the Orphans' Court denied Schneller's application to proceed *in forma pauperis* because Schneller was receiving support and income and was not impoverished. (Orphans' Ct. Op., 11/2/12, at 1.)

In Schneller's October 11, 2012, petition for writ of mandamus,[3] he asked for a court order compelling the clerk of the Orphans' Court to accept the filing of an application for rehearing regarding his parents' estates. The Orphans' Court moved for summary judgment based on the June 2009 court order. The trial court granted the motion for summary judgment. Schneller appealed to the Superior Court, which transferred the matter to this court.[4]

---

[3] "A writ of mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty." *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.3 (Pa. Cmwlth. 2007). "In order to obtain a writ of mandamus, a petitioner must demonstrate: (1) a clear legal right in the petition; (2) a corresponding duty in the respondent; and (3) the absence of any other appropriate or adequate remedy." *Id.*

[4] Our review of the grant of a motion for summary judgment is limited to determining whether the trial court committed an error of law or manifestly abused its discretion. *Jones v. Clearfield Area School District*, 578 A.2d 612, 613 (Pa. Cmwlth. 1990). "[S]ummary judgment is properly granted only where . . . there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* We note that this court has appellate jurisdiction pursuant to *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013) (recognizing the prothonotary as a Commonwealth government officer); and *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 5-7 (Pa. 2007) (recognizing that this court and the common pleas court had concurrent original jurisdiction over the county clerk's exceptions and, since the action was initiated in the common pleas court, this court properly exercised appellate jurisdiction).

Before our court, Schneller contends that the trial court erred and abused its discretion in granting the Orphans' Court's motion for summary judgment. Schneller also contends that the trial court erred and abused its discretion in denying his request to proceed *in forma pauperis*.

Here, the trial court issued the June 10, 2009, order prohibiting the Orphans' Court from accepting further filings. The Superior Court affirmed the June 10, 2009, order. Because the estates have been closed since 2005, and the trial court has ordered they not be re-opened, the trial court properly granted the Orphans' Court's motion for summary judgment.[5]

Schneller also filed a motion to strike the Orphans' Court's brief with this court. Schneller argues that the Orphans' Court's brief fails to conform with the Pennsylvania Rules of Appellate Procedure because the argument section is diminutive, addresses only a single issue, and fails to answer the arguments set forth by Schneller. We recognize the defects in the Orphans' Court's brief but are able to conduct a meaningful appellate review. *See Arnold v. Workers' Compensation Appeal Board (Lacour Painting, Inc.)*, 110 A.3d 1063, 1067 (Pa. Cmwlth. 2015). Thus, we deny this motion.

---

[5] The trial court's denial of Schneller's application to proceed *in forma pauperis* is supported by substantial evidence of record and, thus, proper.

4

Accordingly, we affirm the trial court's order and deny Schneller's motion to strike the Orphans' Court's brief.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,                                    :
                                                       : No. 1901 C.D. 2014
                                    Appellant          :
                                                       :
                        v.                             :
                                                       :
Clerk of Orphans' Court of                             :
Chester County, Orphans                                :
Court Division of the Chester                          :
County Court of Common Pleas,                          :
Chester County Register of Wills                       :


# O R D E R

PER CURIAM


AND NOW, this 5<u>th</u> day of <u>August</u>, 2015, we hereby affirm the order of the Court of Common Pleas of Chester County filed February 27, 2014, and deny James D. Schneller's motion to strike the brief of the Clerk of Orphans' Court of Chester County, the Orphans' Court Division of the Chester County Court of Common Pleas, and the Chester County Register of Wills.